In the Matter of the General Assignment of WILLIAM G.
HEVENOR for the Benefit of his Creditors to HUDSON
ANSLEY.

A provision in an assignment for the benefit of creditors, directing the
application of the assets to the payment by the assignee of all the
assignor's debts and liabilities now due or to grow due, applies only to
such debts and liabilities as can be ascertained or fixed when the assign-
ment was made.  It does not include a contingent liability, the amount
of which, if it ever arises, can only thereafter be definitely fixed and
ascertained.

The assignor in such an assignment was at the time of its execution
occupying certain premises under a lease for a term of years, at an
annual rental payable in monthly installments.  The lease provided that
if the demised premises become vacant during the term, because of non-
payment of rent or otherwise, the lessors may re-enter or re-let as
agents of the lessee and apply the avails to the payment of the rent
due.  The rent accruing while the assignor was in possession was
paid.  The assignee occupied the premises for a time, paying rent as
required by the lease, and then vacated them.  The lessors took possession
and re-let the premises for sums less than that reserved by the lease, and
for the deficiency and the rent to accrue for the balance of the term pre-
sented a claim to the assignee.  *Held*, that the claim was properly
rejected; that the lessors by their acts in re-entering and re-letting the
premises put an end to the fixed obligation of the lessee, and the only
obligation thereafter was for a possible deficiency, which, as it did not
exist at the time of the assignment, was not covered thereby.

Reported below, 70 Hun, 56.

(Argued December 20, 1894;  decided January 15, 1895.)

APPEAL from order of the General Term of the Supreme
Court in the fifth judicial department, made June 6, 1893,
which affirmed an order of the County Court of Erie county
confirming the report of a referee disallowing a claim rejected
by the assignee.

On July 13th, 1891, Hevenor made a general assignment
for the benefit of his creditors.  The deed of assignment con-
tained the provision, that, after the payment of the expenses
of executing the assignment and of certain debts, the assignee
should apply the residue of the estate to the payment of all

the debts and liabilities of the assignor, then due or to grow due. Prior to the making of the assignment, and on April 18th, 1891, the assignor had leased certain premises in the city of Buffalo, for the term of five years from May first, 1891, at the annual rental of $7,200, payable monthly, in advance. The rent accruing under the lease, while the assignor was in possession, was paid. After the assignment the assignee occupied the premises for a while, and paid rent therefor at the rate reserved in the lease. When the assignee vacated the premises, the lessors re-let them to different persons; by virtue of a provision in the lease; to the effect that if the premises became vacant during the term, because of non-payment of rent or otherwise, the lessors might re-enter, or might re-let them as the agents of the lessee, and apply the avails thereof to the payment of the rent due under the lease. On November 1st, 1892, the lessors had received $5,136.50 less than the amount of rent payable by the terms of the lease. For that sum the lessors filed with the assignee a claim, and also a claim for the rent to accrue from November 1st, 1892, to the expiration of the lease, at the rate reserved in the lease. These claims the assignee rejected; and, pursuant to a stipulation, the claim and the rejection thereof were referred to a referee, whose report against the claimants was confirmed. Upon appeal, the order rejecting the claims was affirmed, and the claimants have appealed to this court.

*Spencer Clinton* for appellants. There is no principle of law which forbids a debtor to provide for the payment of debts that are not then due. (*In re Willis*, 44 N. Y. S. R. 470; *Brainerd* v. *Dunning*, 30 N. Y. 211.)

*B. Frank Dake* for respondent. The claim is not based on the assignee's occupation of the premises, but on the contractual relations between the assignor and the assignee under the assignment. (*Myers* v. *Hunt*, 8 N. Y. S. R. 338; *In re Lewis*, 81 N. Y. 421; *C. Bank* v. *Williams*, 128 id. 77.) The appellants' claim is contingent both as to the ultimate

existence of a liability, and the amount thereof. It is not a matter the payment of which may be provided for under a general assignment. (*Brainerd* v. *Dunning*, 30 N. Y. 211; *In re Adams*, 15 Abb. [N. C.] 61; *In re Link*, 6 N. Y. S. R. 211; *McGaffin* v. *City of Cohoes*, 74 N. Y. 387; *Sands* v. *Hill*, 55 id. 18.). The appellants' construction would render the assignment fraudulent. (*Nicholson* v. *Leavitt*, 6 N. Y. 510.) The practice in this matter is defined by the provisions of section 26 of the General Assignment Act (R. S. [8th ed.] 2542). (*Potter* v. *Durfree*, 44 Hun, 197.) The award of costs and an allowance was proper. (Code Civ. Pro. § 3334.)

GRAY, J. By the provisions of the lease it was open to these appellants, the lessors, to elect to allow the premises to remain vacant; in which case they would have had a valid and certain claim against the assigned estate for the rent as reserved in the lease; or they could take the other course and, as the agents of the lessee, re-let the premises and apply the avails in reduction of the rent reserved in the lease. The effect of exercising the latter option was to terminate the agreement to pay the monthly rent and, thereafter, to leave the matter of any liability of the lessee to them contingent upon the success which the lessors might meet with, in re-letting the premises; a liability which, if it arose, could only be finally and definitely ascertained at the expiration of the demised term; while it might not arise at all.

Under such circumstances, what claim these appellants could have against the assignor, or his assigned estate, must be uncertain and contingent. It could not be regarded as one of the debts, or liabilities, contemplated to be paid, under the deed of assignment. That instrument is to be followed strictly by the assignee in his disposition of the property. It is his guide, and furnishes the measure of his duty. (*Citizens' Bank* v. *Williams*, 128 N. Y. 77; *Matter of Lewis*, 81 id. 421.) It is not contended by the appellants that the deed of assignment is void, for intending to secure debts not in

existence; but they argue that the provision for the payment of the assignor's " debts and liabilities, now due or to grow due," can be made to cover a case like this; where, as they say, the liability of the assignor was not changed under the lease, nor his indebtedness, except that it was reduced in amount. They infer from the use of the word " liabilities," in the clause in question, that the assignor intended that his assignee should pay all liabilities which might grow due, without regard to the question of when, or how they arose; provided they were possibilities under his contractual relations with others. This contention naturally assumes that the word " liabilities," as used in the assignment, imports an element, which makes the assignment more elastic in its comprehension of the obligations to be included therein. We think that the General Term was right, in holding that the words " debts " and " liabilities " were synonymously used, and that the assignor could not have intended that liabilities, thereafter to be created by the acts of the lessors in the lease, should be paid by his assignee.

The appellants, in their argument, lose sight of the fact, that by their acts in re-entering the premises and re-letting them as the agents of the assignor, which they were permitted to do under the lease they put an end to his fixed obligation under the lease and left it for the future to determine whether they would have any claim against him. His liability was changed and thereafter could only be for a possible deficiency. The liability, which they now assert the assignor to be under, did not, and could not, exist as of the time when the assignment was made; but arose subsequently thereto. Such after-accruing debts, or liabilities, could not be intended to be secured by an assignment, and if an assignor so declared, in the deed of assignment, it would be void. (*Brainerd* v. *Dunning*, 30 N. Y. 211.) No inference can be drawn from this deed of assignment, which contradicts the rules of law, and the liabilities, which the assignee was required to pay, were only those which could be ascertained, or fixed, at the time when the assignment was made; although the liability might

not mature into an actual debt until the lapse of some time after the making of the assignment. Every liability is a debt; but the use of the words in connection may be explanatory.

The question was well decided at the General Term, and the order appealed from should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Order affirmed.