### In re FREDERICK L. GRANT SHOE CO.

(Circuit Court of Appeals, Second Circuit. April 21, 1904.)

#### No. 139.

1. BANKRUPTCY—PROVABLE CLAIMS—BREACH OF CONTRACT.

A claim for damages for breach of contract is one founded "upon a contract," within the meaning of Bankr. Act July 1, 1898, c. 541, § 63a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3447], and is provable in bankruptcy.

2. SAME — INVOLUNTARY PETITIONERS — CREDITOR HAVING UNLIQUIDATED CLAIM.

A creditor having a provable claim, although the amount is unliquidated, may file a petition in bankruptcy against his debtor.

In Error to the District Court of the United States for the Western District of New York.

For opinion below, see 125 Fed. 576.

P. M. French, for petitioner.

Hiram Wood, for respondent.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The issues herein are raised by the petition of the alleged bankrupt to review the order of the United States District Court for the Western District of New York denying its motion to dismiss proceedings in involuntary bankruptcy. The questions of law presented appear from the following allegations of the petitioning creditor and of the alleged bankrupt: The alleged bankrupt is a corporation engaged in the manufacture of shoes. It owes debts to the amount of $1,000 and over, and is insolvent, and has less than 12 creditors. It sold to the petitioning creditor shoes under an express warranty, which warranty was broken, to the damage of petitioner in the sum of $3,732.80. Within four months prior to the filing of this petition it committed an act of bankruptcy, by assigning all its property to a single creditor, under an agreement that said creditor should, out of said property, reimburse itself and all other creditors except this petitioning creditor. The alleged bankrupt denied its insolvency and the alleged breach of warranty, and demanded a jury trial. It also moved to dismiss the petition on the ground that the damages for the alleged breach of warranty were un-

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 479.

130 F.—56

liquidated, and therefore were not a provable claim against it. The District Court denied the motion to dismiss, and directed that the claim of the petitioning creditor be liquidated at the jury trial demanded by the alleged bankrupt.

Section 59b of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3445]) provides for the filing of petitions in involuntary bankruptcy by "creditors who have provable claims." Section 63 of said act (30 Stat. 562 [U. S. Comp. St. 1901, p. 3447]) includes among the "debts of the bankrupt which may be proved and allowed against his estate" those "founded upon an open account or upon a contract express or implied." In the case at bar the petitioning creditor alleges that his claim is founded upon an express contract. The court below has found that the claim, although unliquidated, is a provable one, and, under the provisions of section 63b of said act (30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), has provided for its liquidation. The effect of the denial of the motion to dismiss is only to preserve and safeguard the rights of the parties until the petitioning creditor can have his day in court at the jury trial demanded by the alleged bankrupt, in order that the validity and amount of his claim may be determined. To hold, as is contended by the alleged bankrupt, that a claim is not provable because the amount of the claim itself is not determinable, or its validity is disputed, would defeat the purpose of the involuntary provisions of the bankrupt act. Thus, in the case at bar, if the petition were dismissed, it would only be necessary for the alleged bankrupt to delay such proceedings as might be brought for the liquidation of said claim until after the expiration of the time for bringing involuntary proceedings, and then secure a dismissal of the petition on the ground that said petition was not seasonably brought. In In re Stern, 116 Fed. 604, 54 C. C. A. 60, we held, in a case where certain claims for breaches of contract were undisputed, that the mere fact that the damages therefrom were to accrue in the future did not prevent them from being provable. In disposing of the case at bar, it is unnecessary to add anything to what was there determined. It appears from the petition that this claim is for a debt founded upon a contract, and is therefore a provable claim.

The order of the District Court is affirmed, with costs.