### WATSON v. MERRILL.

(Circuit Court of Appeals, Eighth Circuit. March 18, 1905.)

No. 2,087.

1. BANKRUPTCY—RENTS ACCRUING AFTER PETITION—PROVABLE CLAIM.

Rents which the bankrupt had agreed to pay at times subsequent to the filing of the petition in bankruptcy do not constitute a provable claim under the bankruptcy law of 1898, because they are not a "fixed liability * * * absolutely owing at the time of the filing of the petition against him," and because they do not constitute an existing demand, but both the existence and the amount of the possible future demand are contingent upon future events, such as default of lessee, re-entry of lessor, and assumption by trustee, so that they neither form the basis of an unliquidated nor of a liquidated provable claim. Act July 1, 1898, c. 541, § 63, cls. "a," "b," 30 Stat. 562, 563, 3 U. S. Comp. St. 1901, p. 3447.

2. SAME—DAMAGES FOR BREACH OF CONTRACT TO PAY RENTS NOT PROVABLE CLAIM.

Damages for the breach of a contract of the bankrupt to pay rents at times subsequent to the filing of the petition in bankruptcy do not constitute a provable claim, for the same reason that the claim for the rents is not provable.

3. LEASE—REPOSSESSION BY LESSOR RELEASES LESSEE.

The retaking of the premises by the lessor releases the lessee from payment of all subsequently accruing rents unless the contract expressly provides otherwise.

4. BANKRUPTCY—TRUSTEE—OPTION TO ASSUME EXECUTORY CONTRACTS.

The trustee in bankruptcy has the option to assume or renounce the leases and other executory contracts of the bankrupt, as he may deem for the best interest of the estate.

5. SAME—ADJUDICATION DISSOLVES NO CONTRACTS.

An adjudication of bankruptcy absolves the bankrupt from no agreement, terminates no contract, and discharges no liability.

6. SAME—ADJUDICATION NO BREACH OF BANKRUPT'S LEASE.

An adjudication of bankruptcy in a case in which there was no rent due at the time of the filing of the petition in bankruptcy does not constitute a breach at that time of the covenants of the bankrupt in his lease to pay rents accruing thereafter.

(Syllabus by the Court.)

Appeal from the District Court of the United States for the District of Kansas.

This is an appeal from a decree of the District Court, sitting in bankruptcy, which reversed an order of the referee that the appellant, Watson, should be allowed a claim of $1,437.50 for damages for the breach by P. A. Brown, by means of his adjudication as a bankrupt, of a lease which he had taken from the appellant. On May 1, 1902, Brown leased of Watson a storeroom in a building about to be erected for a term of 10 years from October 1, 1902, and agreed to pay a monthly rental of $60 in advance during the term. He paid this rent to March 1, 1903. On February 6, 1903, a petition in bankruptcy was filed against him, and receivers were appointed, who took possession of his personal property in the rented premises. On April 2, 1903, he was adjudged a bankrupt, and a trustee was appointed. On March 2, 1903, Watson and Brown made a written contract which recited that it had become impossible for Brown to comply with the terms of his lease, and that he was obligated to his lessor thereby in the sum of $6,900, and in which he acknowledged himself to be indebted to Watson in the sum of $2,300, and surrendered to him all his rights and privileges under the lease, while Watson by the same contract released Brown from any further obligation to pay rent for the leased premises. Afterwards Watson filed his proof of claim for $2,300 against the estate of Brown, which was founded on the lease and on the contract of March 2, 1903. He also filed a petition for the liquidation of this claim, in which he alleged that he had incurred extraordinary expense in the construction of the building in expectation of the rental, that the rental value of the premises was only $40 per month, and that he had sustained damages to the amount of $20 per month from March 1, 1902, until the end of the term of the lease, which amounted in the aggregate to $2,300. The referee found the rental value of the premises to be $47.50 per month, and allowed the claim of Watson for $1,437.50 for damages for a breach of the lease. Upon a petition for review, the District Court reversed this decision, and directed the referee to disallow the claim.

David Ritchie, for appellant.

H. C. Tobey, W. S. McClintock, I. J. Ringolsky, and Thomas L. Bond, for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The contention of counsel for the appellant is that the claim of the lessor is not for rents which were payable after the petition for adjudication in bankruptcy was filed, but for damages for a breach of the contract in the lease to pay these rents; that the adjudication in bankruptcy dissolves all contractual relations of the bankrupt at the date of the filing of the petition in bankruptcy (In re Jefferson [D. C.] 93 Fed. 948; Bray v. Cobb [D. C.] 100 Fed. 270; In re Hays, Foster & Ward Co. [D. C.] 117 Fed. 879); that the dissolution of a contractual relation is a breach of the contract; and that for the breach of the contract to pay the rents accruing subsequent to the filing of the petition a claim for damages may be allowed in bankruptcy (In re Swift, 112 Fed. 315, 50 C. C. A. 264; In re Stern, 116 Fed. 604, 54 C. C. A. 60; In re Frederick L. Grant Shoe Co. [C. C. A.] 130 Fed. 881).

It is, however, the nature of the claim, and not the name which is applied to it, that conditions its provability in bankruptcy. Wat-

son's claim was for $20 of the $60 per month which the lessee had agreed to pay him for rent of the leased premises for 115 months after the petition in bankruptcy was filed. In reality, his claim was for the entire $60 per month, but he had received by the surrender of the premises by Brown under their contract of March 2, 1903, and had credited to him, the rental value of the premises, $40 per month, so that the rent which he claimed remained unpaid was but $20 for each month.

At the close of the hearing the referee found that the rental value of the premises was $47.50 per month, and that the only rent remaining unpaid was $12.50 per month for the 115 months subsequent to February, 1903, and this amounted to $1,437.50, which he allowed to the appellant under the name of damages for the breach of the contract in the lease.

These facts demonstrate the proposition that, while counsel and the referee call this allowance damages for a breach of the lease, it is in fact nothing but that part of the monthly rent which was to accrue after the petition was filed, which the referee found that the lessee had not paid by his surrender of the leased premises to the lessor in March, 1903. But rent which the bankrupt has agreed to pay, and which is to accrue subsequent to the filing of the petition in bankruptcy, does not constitute a provable claim under the bankruptcy law of 1898 (Act July 1, 1898, c. 541, 30 Stat. 562, 563, 3 U. S. Comp. St. 1901, p. 3447), because it is not "a fixed liability * * * absolutely owing at the time of the filing of the petition against him" (section 63a), and because it is not an existing demand, but both the existence and the amount of the possible future demand are contingent upon unforeseen events, such as default of the lessee, re-entry by the lessor, and assumption by the trustee, so that it is neither an unliquidated nor a liquidated provable claim (section 63b). City of Walla Walla v. Walla Walla Water Co., 172 U. S. 1, 19, 19 Sup. Ct. 77, 43 L. Ed. 341; In re Ells (D. C.) 98 Fed. 967, 969, 970; In re Mahler (D. C.) 105 Fed. 428, 430; Fidelity Safe Deposit & Trust Co. v. Armstrong (C. C.) 35 Fed. 567, 569; Matter of Hevenor, 144 N. Y. 271, 274, 39 N. E. 393; In re Commercial Bulletin Co., Fed. Cas. No. 3,060; In re Collignon, 4 Am. Bankr. Rep. 250; Atkins v. Wilcox, 105 Fed. 595, 44 C. C. A. 626, 53 L. R. A. 118; In re Curtis (La.) 9 Am. Bankr. Rep. 286, 292, 295, 33 South. 125; In re Heinsfurter (D. C.) 97 Fed. 198; Beers v. Hanlin (D. C.) 99 Fed. 695; Lamson Consol. Store Service Co. v. Bowland, 114 Fed. 639, 642, 52 C. C. A. 335, 338; Wilson v. Pennsylvania Trust Co., 114 Fed. 742, 52 C. C. A. 374. In Deane v. Caldwell, 127 Mass. 242, 244, Chief Justice Gray (subsequently Mr. Justice Gray of the Supreme Court) announced the true rule upon this subject in these words:

"Before the day at which rent is covenanted to be paid, it is in no sense a debt—it is neither debitum nor solvendum—for, if the lessee is evicted before that day, it never becomes payable. Bordman v. Osborn, 23 Pick. 295. It is not within the provision of a bankrupt act allowing 'uncertain or contingent demands' to be proved against the estate of a bankrupt, because it is not an existing demand, the cause of action on which depends upon a contingency, but the very existence of the demand depends upon a contingency."

The lease before us admirably illustrates the principle. It provides that the lessee shall pay $60 per month for the term of 10 years "for the use and benefit accruing to him from the use and occupancy" of the premises; that, if he pays these sums as they fall due, and performs all his covenants, he may hold and enjoy the premises, but that if any rents are due and unpaid, or if default is made in any of his covenants, or if he allows any undue waste of any of the improvements on the premises, the lessor may at once re-enter and repossess the premises. The contract contains no covenant that the lessee will pay any rents after his default and the re-entry by the lessor. The use and occupation of the premises during the term of the lease were the consideration for the payment of the monthly rents, and the payment of the rents was the consideration for the use of the premises. If the rent for any month was not paid, or if waste was permitted, the lessor had the option to repossess himself of the premises, and to withhold from thenceforth the consideration for future installments of rent, or to permit the lessee to continue in possession of the property, and to enforce the collection of the rents by an action or by some other proceeding. He could not, however, do both. His resumption of the premises necessarily constituted, in the absence of an express agreement to the contrary, a termination of the lease, and a release of the lessee from the payment of all the installments of rent he had promised to pay thereafter. Lamson Consol. Store Service Co. v. Bowland, 114 Fed. 639, 642, 52 C. C. A. 335, 338.

Moreover, if by contract or by virtue of legal proceedings the lessor became entitled to the possession of the premises, and also to the difference between the amount which he might secure from another tenant, or the rental value of the leasehold, and the rents reserved, that amount would always be uncertain and contingent upon future events. Matter of Hevenor, 144 N. Y. 271, 274, 39 N. E. 393.

When the petition in bankruptcy was filed, no rent was due and unpaid. There was therefore no debt owing by the lessee to Watson, and the latter had no legal demand or claim against him under the lease. The future existence of any such claim or demand, and its amount, if it ever came into existence, were contingent upon (1) the future default of the lessee; (2) the exercise by the lessor of his option to resume the possession of the leased premises if such a default should occur; and (3) upon the assumption of the lease by the trustee in bankruptcy. For the latter had the option to take the leasehold estate, and to assume the payment of the agreed rents. Ex parte Houghton, Fed. Cas. No. 6,725; Ames v. Union Pac. R. Co. (C. C.) 60 Fed. 966, 970, 971; In re Ells (D. C.) 98 Fed. 967, 968. As the lessor had no legal claim or demand against the lessee for the agreed rents to be paid in the future, when the petition in bankruptcy was filed, and as the future existence and the amount of such a claim were both contingent upon unforeseen future events, Watson had no provable claim for any part of these rents. Since his claim is in fact for nothing but $12.50 per month of the agreed rents payable after the filing of the petition in bankruptcy, the application to it of the title of a claim for damages for

a breach of the lease neither changes its nature, nor makes it more provable than it would have been if its real character had been described by its name.

2. An adjudication in bankruptcy does not dissolve or terminate the contractual relations of the bankrupt, notwithstanding the decisions to the contrary in In re Jefferson (D. C.) 93 Fed. 448; Bray v. Cobb (D. C.) 100 Fed. 270; and In re Hays, Foster & Ward Co. (D. C.) 117 Fed. 879. Its effect is to transfer to the trustee all the property of the bankrupt except his executory contracts, and to vest in the trustee the option to assume or to renounce these. It is the assignment of the property of the bankrupt to the trustee by operation of law. It neither releases nor absolves the debtor from any of his contracts or obligations, but, like any other assignment of property by an obligor, leaves him bound by his agreements, and subject to the liabilities he has incurred. It is the discharge of the bankrupt alone, not his adjudication, that releases him from liability for provable debts in consideration of his surrender of his property, and its distribution among the creditors who hold them. Even the discharge fails to relieve him from claims against him that are not provable in bankruptcy, and, since his obligation to pay rents which are to accrue after the filing of the petition in bankruptcy may not be the basis of a provable claim, his liability for them is neither released nor affected by his adjudication in bankruptcy, or by his discharge from his provable debts. One agrees to pay monthly rents for the place of residence of his family or for his place of business, or to render personal services for monthly compensation for a term of years; he agrees to purchase or to convey property; and he then becomes insolvent and is adjudicated a bankrupt. His obligations and liabilities are neither terminated nor released by the adjudication. He still remains legally bound to pay the rents, to render the services, and to fulfill all his other obligations, notwithstanding the fact that his insolvency may render him unable immediately to do so. Nor are those who contracted with him absolved from their obligations. If he or his trustee pays the stipulated rents for his place of residence or for his place of business, the lessors may not deny to the payor the use of the premises according to the terms of the lease. If he renders the personal services, he who contracted to pay for them may not deny his liability to discharge this obligation. His trustee does not become liable for his debts, but he does acquire the right to accept and assume or to renounce the executory agreements of the bankrupt, as he may deem most advantageous to the estate he is administering, and the parties to those contracts which he assumes are still liable to perform them. And so throughout the entire field of contractual obligations the adjudication in bankruptcy absolves from no agreement, terminates no contract, and discharges no liability. In re Curtis (La.) 9 Am. Bankr. Rep. 286, 33 South. 125; In re Ells (D. C.) 98 Fed. 967, 968; Witthaus v. Zimmerman, 11 Am. Bankr. Rep. 314, 316, 86 N. Y. Supp. 315; White v. Griffing, 44 Conn. 437, 446, 447; In re Pennewell, 119 Fed. 139, 55 C. C. A. 571.

3. Not only this, but if counsel for appellant could sustain his

proposition that the adjudication of bankruptcy absolved the parties to the lease from their contract at the date of the filing of the petition in bankruptcy, or terminated the lease on that day, still the lessor would have no legal claim against the estate, because the petition was filed on February 6, 1903, the rent was paid by Brown to March 1, 1903, there had been no breach of the contract when the petition was filed, and, if both parties were released from the agreement at that time, or if the lease was then terminated, neither party could have subsequently been in default under it or have committed a breach of it, because thereafter no contract would have existed to be defaulted, and no covenant to be broken.

4. Finally the adjudication in bankruptcy did not constitute a breach of the lease, and it raised no cause of action as of the date of the filing of the petition in bankruptcy. At that date the rent had been paid until March 1, 1903—until 22 days after the date of the filing. There could therefore have been no breach until March 1, 1903, when the rent for March fell due; and consequently there was no claim or demand founded on a breach of the contract at the time the petition was filed, and, if one ever accrued, it arose many days after the filing of the petition, and too late to constitute a provable claim against the estate of the bankrupt. The rule of law that, where one has disabled himself from performing a contract, it immediately ripens, and an action for its breach arises, which is illustrated by In re Swift, 112 Fed. 315, 50 C. C. A. 264, wherein a stockbroker had made a contract to deliver stock to a customer, and he was held to have made it impossible for him to fulfill his agreement by his adjudication in bankruptcy, which took the stock from him, and vested it and all his property in his trustee, is not in conflict with this conclusion, because the leasehold estate of Brown—the only thing essential to the performance of his contract—never passed to his trustee, as the latter did not elect to assume it. Brown was not necessarily disabled by the adjudication from using or selling his leasehold or from paying the rent. The mere probable financial inability of one to fulfill his contract, or to pay his debt not yet due, does not make them immediately due and actionable. The cases In re Stern, 116 Fed. 604, 54 C. C. A. 60, and In re Frederick L. Grant Shoe Co. (C. C. A.) 130 Fed. 881, cited by appellant's counsel, fail to rule the question here under consideration, because the breaches of contract in those cases occurred before the petitions in bankruptcy were filed.

The conclusion is that a claim for damages for a breach of a contract in a lease to pay installments of rent for the use of the premises at times subsequent to the filing of the petition in bankruptcy is not provable under the bankruptcy law of 1898, and the order of the District Court is affirmed.