## CUTLER et al. v. NU–GOLD RING CO.

(Circuit Court of Appeals, Eighth Circuit. April 8, 1920.)

No. 5473.

1. **Bankruptcy �kö467—Finding that petitioner was not creditor presumed correct on appeal.**

    The legal presumption on appeal is that the finding of the lower court that one of the signers of an involuntary petition in bankruptcy was not a creditor was correct.

2. **Bankruptcy �kö77—Existence of three provable claims in favor of petitioners jurisdictional.**

    In an involuntary proceeding, the existence of three provable claims, held by three petitioners, and, if challenged by pleading, plenary proof thereof, is jurisdictional and indispensable, under Bankruptcy Act, §§ 1(9), 59b (Comp. St. §§ 9585191, 9643b).

3. **Bankruptcy ⊖ω76(1)—Seller, to whom goods were returned for repairs, held not qualified petitioner.**

    Where a seller of rings agreed to repair any that were broken or in bad order, and a number of trays of the rings containing broken or bad order

rings were returned, but never repaired or returned to the buyer, and the buyer was thereby compelled to purchase other rings to replace them at a price in excess of those returned for repair, the seller was not a creditor as to the price of such rings, entitled to sign a petition in bankruptcy, under Bankruptcy Act, § 59b (Comp. St. § 9643b).

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Proceeding by Harry Cutler and others to have the Nu-Gold Ring Company adjudicated a bankrupt. From a decree dismissing the petition, petitioners appeal. Affirmed.

Samuel O. Cotner, of Omaha, Neb. (Stanley M. Rosewater, of Omaha, Neb., and Charles W. Peasinger, of Randolph, Neb., on the brief), for appellants.

Charles B. Keller, of Omaha, Neb. (George Doane Keller, of Omaha, Neb., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

SANBORN, Circuit Judge. On May 29, 1919, the court below, after a final hearing upon pleadings and evidence in a suit upon an involuntary petition of three alleged creditors of the Nu-Gold Ring Company, a corporation, that it be adjudged bankrupt, rendered a decree that the adjudication prayed be denied, and that the suit be dismissed. The alleged creditors, Harry Cutler, William Cardin, and George C. Harrison, have appealed from this decree, and they make two complaints thereof: First, that the court found that William Cardin was not a creditor of the Nu-Gold Company at the time the petition was filed or thereafter; and, second, that Harry Cutler was estopped from acting as a petitioner in bankruptcy against the company, because he approved and induced that company to make the general assignment of its property for the benefit of its creditors, which is the act of bankruptcy upon which the petitioners rely for an adjudication.

[1, 2] The legal presumption is that the finding of the court below that Cardin was not a creditor of the company was correct, and that finding should not be reversed or dismissed by an appellate court, unless the record clearly shows that in making it the chancellor fell into a controlling error of law or made a decisive mistake of fact. Counsel for the appellants argue that the court fell into a serious error of law, because it did not hold that Cardin was a creditor having a provable claim in bankruptcy, and therefore a qualified petitioner in bankruptcy, under section 59b and section 1 (9) of the Bankruptcy Law (U. S. Compiled Stat. 1916, §§ 9643b and 9585[9]), although he was not in fact a creditor at all, and they cite in support of this contention Hargadine-McKittrick Dry Goods Co. v. Hudson, 122 Fed. 232, 58 C. C. A. 596; In re Frederick L. Grant Shoe Co., 130 Fed. 881, 66 C. C. A. 78; W. A. Gage & Co. v. Bell (D. C.) 124 Fed. 371. None of these cases, however, sustains this position, and the only support it seems to have is an intimation in an obiter dictum in the

case last cited (124 Fed. at page 376), upon which the judge who wrote the opinion did not act even in that case. On the other hand, the law is now settled beyond dispute that the existence of three provable claims held by three petitioners, respectively, of the alleged bankrupt, and, if challenged by pleading, plenary proof thereof is jurisdictional and indispensable to the maintenance of an involuntary petition in bankruptcy. Stevens v. Nave-McCord Merc. Co., 150 Fed. 71, 76, 77, 80 C. C. A. 25, 30, 31; In re Gillette (D. C.) 104 Fed. 769, 773, 774; In re Farthing (D. C.) 202 Fed. 557, 562; Collier on Bankruptcy (9th Ed.) 766, 767; Doty v. Mason (D. C.) 244 Fed. 587, 590. There was no error in the refusal of the court to sustain the theory of the petitioners' counsel here.

[3] The petitioners alleged that the Nu-Gold Company was indebted to Cardin on account of merchandise sold by him to it in the sum of $282.50. In its answer the company denied its indebtedness to him in any amount. The record contains substantial evidence that the company bought 4,000 trays of rings of Cardin at the price of 42 cents per tray under an express agreement by Cardin that he would repair any of the rings that were broken or in bad order and would return them to the company, that the Nu-Gold Ring Company received the trays, that 506 of them contained broken rings or rings in bad order, that the company paid the price of the 4,000 trays with the exception of $282.50 and sent the 506 trays of rings back to Cardin in the summer and fall of 1916 and requested him to repair and return them, that he never did either, that the company was compelled by his failure to repair or send back the rings to purchase and did purchase trays to replace them and paid therefor a price in excess of the $282.50. There was some evidence inconsistent with some parts of that which has been recited, but there was no preponderating evidence that the terms of the contract of purchase, the payment, the condition of the 506 trays of rings, their return, the repeated requests of the company that he would repair and return them, his failure to do so, and the purchase of other trays to replace them at a price in excess of the $282.50, were not as recited, and, when all the evidence on this subject is considered, it fails to convince that the court below made any mistake in its finding that the company was not indebted to Cardin in any amount when the petition was filed or thereafter.

The second question is: Was there any error of law or mistake of fact in the finding of the court that the petitioner Cutler was estopped from acting as a petitioner for an adjudication of bankruptcy on the ground that the company made a general assignment because he assented to and assisted to induce the company so to do? The conclusion already reached, however, renders the determination of this question immaterial, and its discussion and decision would be useless. As Cardin was not a creditor of the company, as three petitioning creditors were indispensable to an adjudication of the company a bankrupt upon the involuntary petition, and there were but two petitioning creditors, the decree below must be affirmed; and it is so ordered.