## WASSON v. WHITE.

(District Court, N. D. Oklahoma.
September 21, 1925.)

No. 38.

Banks and banking ⊝135—Depositor in insolvent bank cannot set off deposit against debt due receiver.

A depositor in an insolvent national bank cannot set off his deposit against a debt due the receiver, which accrued after the receivership.

At Law. Action by Clark Wasson, receiver of the First National Bank of Sapulpa, Okl., against A. N. White, to recover $600 and interest, rental on storeroom. Judgment for plaintiff.

R. B. Keenan, of Tulsa, Okl., for plaintiff.

Thompson & Smith, of Sapulpa, Okl., for defendant.

KENNAMER, District Judge. The plaintiff by this action seeks to recover from the defendant $607.50, with interest at the rate of 6 per cent. per annum, alleged to be due from the defendant as rental according to the terms of a lease contract. The facts in the case have been settled by stipulation of the parties. The plaintiff, Clark Wasson, is the acting and qualified receiver of the First National Bank of Sapulpa, Okl., acting under authority from the Comptroller of the Currency of the United States.

The defendant, prior to the receivership of the bank, entered into a written lease contract with the bank, by the terms of which he rented the rear room of the First National Bank to be used as a storeroom. It was provided in the written lease that the bank leased the storeroom to the defendant in this action for a period of five years from the 1st day of February, 1923. The lessee was to pay the lessor the sum of $500 cash in hand on the date of the execution of the lease, and covenanted and agreed to pay to the lessor the sum of $100 each month for the remainder of the term, beginning payments July, 1923, and payable in advance on the 1st day of each month thereafter. On the date that the plaintiff bank failed and passed into the hands of the receiver the defendant had on deposit in the bank $1,971.72. The defendant by his answer and cross-petition seeks to offset the claim of the receiver for the rents accruing under the terms of the lease since the failure of the bank by his deposit.

The installment of rents having accrued subsequent to the appointment of a receiver for the insolvent national bank, the defendant cannot, as against the claim for these rents by the receiver, offset the amount by his deposit in the bank on the date of its failure. The same rules are applicable to claims against such insolvent bank as are applied in similar claims under the Bankruptcy Law. The applicable law to this case is stated in 1 Loveland on Bankruptcy, p. 655, as follows:

"In order that a debt or credit may be set off, it is necessary that four things concur: First, the debts or credits must be mutual; second, they must be in the same right; third, they must be debts or credits provable in bankruptcy; fourth, they must be debts or credits which were not purchased by or transferred to the debtor of the bankrupt after the filing of the petition, or within four months before such filing, for the purpose of setting them off, and with knowledge or notice that the bankrupt was insolvent, or had committed an act of bankruptcy. If any one of these elements is wanting, the debt or credit cannot be used as a set-off."

In the case of Watson v. Merrill, 136 F. 359, 69 C. C. A. 185, 69 L. R. A. 719, Judge Sanborn, delivering the opinion of the court, said:

" * * * But rent which the bankrupt has agreed to pay, and which is to accrue subsequent to the filing of the petition in bankruptcy, does not constitute a provable claim under the Bankruptcy Law of 1898 (Act July 1, 1898, c. 541, 30 Stat. 562, 563, U. S. Comp. Stat. 1901, p. 3447), because it is not 'a fixed liability * * * absolutely owing at the time of the filing of the petition against him' (section 63a), and because it is not an existing demand, but both the existence and the amount of the possible future demand are contingent upon unforeseen events, such as default of the lessee, re-entry by the lessor, and assumption by the trustee, so that it is neither an unliquidated nor a liquidated provable claim."

See, also, Scott v. Armstrong, 146 U. S. 511, 13 S. Ct. 148, 36 L. Ed. 1059.

I therefore conclude that the plaintiff is entitled to recover. It is therefore ordered that judgment be entered in favor of the plaintiff.