VARICK SPRING CORPORATION, Plaintiff, *v.* THE BANK OF UNITED STATES, Defendant.*

Supreme Court, New York County, April 25, 1933.

*Samuel H. Sternberg* [*Louis P. Neustein* of counsel], for the plaintiff.

*Carl J. Austrian* [*Edward Feldman* of counsel], for the defendant.

VALENTE, J. While in form this action is in equity for a declaratory judgment, it really seeks the construction of a lease upon which to predicate a money judgment. The lease was made by the plaintiff to defendant's predecessor for the term beginning February 1, 1926, and ending April 30, 1946, at annual rentals payable in equal monthly installments in advance. Defendant continued to pay rent up to and including the rent due on the 1st day of December, 1930. On December eleventh of that year the Superintendent of Banks took possession of the business and assets of the defendant pursuant to the Banking Law for purposes of liquidation. The Superintendent continued to pay rent up to and including the amount due for July, 1931, with the express understanding that payment was not to be construed as an affirmance of the lease. On July 7, 1931, he notified plaintiff that he did not intend to adopt the lease and that he would vacate at the close of the month. Plaintiff replied denying the right to cancel and gave

* Affd., 240 App. Div. 968.

notice that he would proceed under the terms of the lease in the event of abandonment. The premises were not actually vacated until August 15, 1931, and an additional half month's rent paid. Both parties safeguarded their positions by proper letters so that no elements of affirmance of the lease on the one hand or acceptance of surrender on the other arise as questions of fact.

In accordance with the provisions of the Banking Law plaintiff filed a claim for the balance of the rent to accrue under its lease. The claim having been rejected, an action was begun whereby plaintiff seeks a determination that it is a creditor of the Bank of United States for the balance due under the terms of the lease and that the Superintendent of Banks set apart out of the assets of the bank sufficient moneys to pay plaintiff ratably with other creditors.

Defendant opposes the claim on the ground that only such claims as were definite and certain at the time the institution went into the hands of the Superintendent were provable and so others could not be allowed. He shows that on May 6, 1931, he notified all creditors to present proof of any claims against the bank on or before June 29, 1931, in accordance with section 72 of the Banking Law. He also sets forth that on the latter date nothing was due to the plaintiff, and as to whether any future rent would accrue was contingent and the amount due was not definitely ascertainable until the expiration of the term. Plaintiff's claim was presented on June 25, 1931, four days before the expiration of the statutory time limit and rejected on July 7, 1931. At the time it was presented the Superintendent still occupied the premises, and plaintiff could not re-enter or let the premises for the account of defendant. The time for filing claims had expired when the Superintendent of Banks vacated the premises, and plaintiff did not definitely know at that expiration date how much longer the Superintendent would occupy the premises. No doubt exists as to the contingent nature of the claims. In addition to the element mentioned there might be others to make it contingent, such as the possible destruction of the building by fire.

The non-provability in bankruptcy of claims for future rents has been repeatedly laid down as a rule of law. In *Kottler* v. *New York Bargain House, Inc.* (242 N. Y. 28, 35), Judge CARDOZO thus sums up the rule: " Rent due at the date of the assignment must be paid with other debts and liabilities out of the assets of the estate. Not so, however, of rent falling due thereafter (*Matter of Roth*, 181 Fed. Rep. 667; *Watson* v. *Merrill*, 136 Fed. Rep. 359; *Matter of Link*, 14 Daly, 148; *Deane* v. *Caldwell*, 127 Mass. 242)." Reference is made in that case to dicta in *Matter of Hevenor* (144 N. Y. 271) and *People, etc.,* v. *St. Nicholas Bank* (151 id. 592). In the former

case the court disallowed a claim against an assignee for the benefit of creditors because the landlord claimant had relet the premises to another and thus made the amount of the liability of the lessee contingent. It added, however, a dictum to the effect that if the lessors had allowed the premises to remain vacant they would have had a valid claim against the assigned estate for the rent reserved in the lease. That dictum is in direct conflict with the rule in the *Kottler* case and is not the law today.

The case of *People, etc.,* v. *St. Nicholas Bank (supra),* where the dictum in *Matter of Hevenor* is referred to, has no application to a situation like the present one. There the landlord relet the premises to a third person for a lower rent for the balance of the term and was permitted to present his claim for damages against a *receiver in dissolution* of a corporation. The allowance of a claim was under a statute permitting the presentation of claims on open or subsisting contracts up to the time of the payment of a second dividend. *People* v. *National Trust Co.* (82 N. Y. 283), cited by plaintiff, also involves the dissolution of a corporation under the statutes, and the liability of the permanent receiver either to continue to pay rent or to contract with the landlord for the extinguishment of the lease. There is no doubt that under the Bankruptcy Law a claim for rent to accrue in the future is not provable. The same rule should apply under the Banking Law in cases in which the Superintendent of Banks has taken possession and sent notice to creditors to make proof of claims. While there is no decision squarely in point in this State, the construction of similar banking acts in California and Massachusetts uphold this view.

In *Towle* v. *Commissioner of Banks* (246 Mass. 161) a proof of claim for rent filed February 7, 1922, was held ineffective as to any installments beyond that which accrued February 1, 1922, and in *Pacific States Corp.* v. *Rosenshine* (113 Cal. App. 266), where the authorities were exhaustively reviewed, the conclusion was also reached that the Superintendent of Banks was liable only for accrued installments due, and no recovery could be had for future installments of rent.

It is unnecessary to define the nature of plaintiff's status in the event that all claims provable with the Superintendent of Banks are paid in full, and the situation described in section 79 of the Banking Law arises. Suffice it to say that plaintiff's claim is not one which the Superintendent of Banks is liable to discharge in whole or in part out of the assets of the bank and out of statutory assessments collected from stockholders. Judgment is, therefore, directed in favor of the defendant dismissing the complaint on the merits, without costs. Submit findings and judgment on notice.