## BROWN v. CALHOUN.

District Court, D. New Jersey.

April 15, 1936.

Edward L. Davis, of Orange, N. J., for plaintiff.

William A. Calhoun, of Orange, N. J., pro se.

FAKE, District Judge.

The problem for solution here is whether or not the defendant, a tenant of the Orange National Bank, may set off his deposit in that bank against rent due by him to the bank. It appears that a conservator was appointed for the bank on March 29, 1933, pursuant to section 203, title 12 U.S.Code (12 U.S.C.A. § 203), and thereafter on December 19, 1933, a receiver was appointed for the bank. The rent in question covers the period during which the conservator was in possession; it being conceded that no set-off is valid for the period when the receiver was in possession. Wasson v. White (D.C.) 12 F.(2d) 809.

The section of the Code above cited provides, among other things, that: "Such conservator shall have all the rights, powers, and privileges, now possessed by or hereafter given receivers of insolvent national banks and shall be subject to the obligations and penalties, not inconsistent with the provisions of this title, to which receivers are now or may hereafter become subject. During the time that such conservator remains in possession of such bank, the rights of all parties with respect thereto shall, subject to the other provisions of this subchapter, be the same as if a receiver had been appointed therefor."

The foregoing section of the Code may be assumed to have been drawn and enacted with full knowledge as to the rights, obligations, and duties of receivers as theretofore made known by the decisions of the courts on the subject, having in mind particularly the case of Wasson v. White, supra, and cases therein cited. This leads to the conclusion that, when the pertinent section of the Code was enacted by the Congress, it was intended that the rights of all parties in interest, subject to provisions not here material, should be the same when a conservator is in charge as when a receiver is functioning. It follows from this that the defendant here cannot set his deposit in the bank off against the rent he owes for the period when the conservator was in charge, since he could not do so as against a receiver.

An order will be entered in conformity with the view above expressed.