THE PEOPLE OF THE STATE OF NEW YORK v. THE NATIONAL TRUST COMPANY OF THE CITY OF NEW YORK; WILLIAM J. BEST, Receiver, etc., Respondent; ROBERT J. LIVINGSTON et al., Appellants.

A lease to a corporation is not terminated by its dissolution, and its covenant to pay rent does not thereupon cease to be obligatory.

Its assets, upon its dissolution, become a fund for the payment of its debts, including those to mature as well as accrued indebtedness, and all open and subsisting engagements entered into by the corporation.

A receiver of the dissolved corporation is authorized to retain out of its assets sufficient to cancel and discharge such open and subsisting engagements.   (2 R. S. 470, § 74, et seq.)

Until, therefore, the lessor has, by some act on his part, released or discharged the covenant to pay rent, he is entitled to payment thereof, as it accrues, from the receiver.

The defendant leased certain premises for five years from May 1, 1876.   In December, 1877, B. was, by order of the Supreme Court, on application of stockholders, appointed receiver of defendant ; he occupied the premises until February 1, 1879, when he removed therefrom and abandoned possession ; he paid rent up to that time.   In April, 1879, by judgment in this action, the corporation was dissolved, B. was continued as receiver, with the powers and duties conferred and imposed by statute. On petition

of the lessors that said receiver be required to pay the rent which accrued May 1, 1879; it appeared that he had paid all admitted debts, and had deposited a sum sufficient to pay all disputed claims, including the amount of the rent accrued and to accrue on the petitioner's lease; also, that after the payment of all debts, there was a large surplus to be distributed among stockholders. *Held,* that the petitioners were entitled to the relief sought; and that an order denying the prayer of the petition was erroneous.

(Argued June 15, 1880 ; decided October 12, 1880.)

Appeal from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term which denied the petition of Robert J. Livingston and another, asking for an order directing the receiver of defendant to pay a quarter's installment of rent falling due May 1, 1879, under a lease from them to defendant.

The petitioners executed to defendant, a corporation organized under the laws of this State, a lease of certain premises in New York city, for five years, from May 1, 1876, at an annual rent of $12,000, payable quarterly. On December 14, 1877, on the application of stockholders, William J. Best was appointed, by order of the Supreme Court, receiver of the corporation defendant. Said receiver took possession of the assets of the corporation and occupied the leased premises until February 1, 1879, when he removed therefrom and abandoned all occupation, tendering the keys to the lessors, which they refused to accept, and refused to accept a surrender of the premises. The receiver also paid the rent accruing up to that time. In February, 1879, this action was commenced by the attorney-general to forfeit the franchise and for a dissolution of the corporation. Judgment was perfected herein April 2, 1879, decreeing that said corporation, the defendant, be dissolved, its franchises forfeited and its charter vacated; also continuing the said Best as receiver for the purpose of closing up the affairs of the corporation and distributing its assets, " with all the power and authority and subject to all the obligations and duties conferred or imposed upon him by said order of the court of December 14, 1877, and by article 3, title 4, of chapter 8, of the third

part of the Revised Statutes, and every other statute of the State applicable to the premises." The receiver refused to pay the rent accruing under the lease May 1, 1879. The facts appearing on the hearing of the petition are set forth, substantially, in the opinion.

*Lewis L. Delafield* for appellants. The lease survived the dissolution of the trust company and its property was held by the receiver as a trustee to meet its obligations. (2 R. S. [6th ed.] 391, § 9 ; 3 id. 753, § 74, sub. 4 ; id. 754, § 85 ; id. 755, §§ 90, 92 ; id. 756, § 97 ; *Owen* v. *Smith,* 31 Barb. 641, 643, 647 ; *Bacon* v. *Robertson,* 18 How. 480, 486, 487 ; *Lum* v. *Robertson,* 6 Wall. 277 ; *Mumma* v. *Potomac Co.,* 8 Peters, 286 ; *R. R. Co.* v. *Howard,* 7 Wall. 409–11 ; *Curran* v. *Arkansas,* 15 How. 304, 311, 312 ; *Houghton* v. *Thornton,* 8 Ga. 491 ; *Hastings* v. *Drew,* 76 N. Y. 9, 17 ; *Bartlett* v. *Drew,* 57 id. 587 ; *Martin* v. *Black,* 9 Paige's Ch. 641, 644 ; *Nevitt* v. *Bk. Pt. Gibson,* C. S. & M. [Miss.] 519, 521–31 ; *Scammon* v. *Kimball,* 13 Bank. Reg. 450, 451 ; *Wood* v. *Dummer,* 3 Mason, 308 ; *Vose* v. *Grant,* 15 Mass. 521, 522 ; *Adair* v. *Shaw,* 1 Sch. & Lef. 262 ; *Wright* v. *Petrie,* 1 S. & M. Ch. 319 ; *Read* v. *Frankfort Bk.,* 23 Me. 321 ; *Bronson* v. *Kinzie,* 1 How. 311 ; *McCracken* v. *Hayward,* 2 id. 612 ; 2 Kent's Com. 207, note *a ;* *Heath* v. *Barmore,* 50 N. Y. 302 ; *Tower* v. *Hale,* 46 Barb. 361 ; *Colchister* v. *Seaber,* 3 Bur. 1866.) The receiver, by occupying the premises under the lease, affirmed and adopted the lease and became liable for the rent under it. (*Turner* v. *Richardson,* 7 East, 342 ; *Carter* v. *Warne,* 4 C. & P. 191 ; *Broome* v. *Robinson,* cited in 7 East, 339 ; *Hansen* v. *Stevenson,* 1 Barn. & Ald. 304 ; *Clark* v. *Hume,* Ry. & Moody, 207 ; *Young* v. *Peyser,* 3 Bosw. 308 ; *Thomas* v. *Pemberton,* 7 Taunt. 206 ; *Lewis* v. *Burr,* 8 Bosw. 140, 147 ; *Journeay* v. *Brackley,* 1 Hilt. 448 ; Taylor's L. & T., § 456 ; *Jones* v. *Hausmann,* 10 Bosw. 168 ; *Thomas* v. *Pemberton,* 7 Taunt. 206 ; *Morton* v. *Pinckney,* 8 Bosw. 135 ; *Carter* v. *Warne,* 4 Carr. & P. 191.)

*A. J. Vanderpoel* for respondent. The receiver was not

liable to pay rent under the covenants of the lease as the assignee thereof. (*Bagley* v. *Freeman*, 1 Hill, 196 ; *Lewis* v. *Burr*, 8 Bosw. 140 ; *Ten Eyck* v. *Choate*, 7 Nat. Bank Reg. 26–30.) He held the property as the officer of the Supreme Court. (*Noe* v. *Gibson*, 7 Paige, 513.) The statute does not confer on receivers power to assume covenants in leases. (2 R. S., title 4, chap. 8, part 3.) Upon the dissolution of a corporation, all its contracts as lessee are terminated. (*Sturges* v. *Vanderbilt*, 73 N. Y. 384 ; *People* v. *Security Life Ins. Co.*, 71 id. 222 ; *Quain's Appeal*, 22 Penn. St. 510 ; *McCullough* v. *Norwood*, 58 N. Y. 562.) The occupation of the premises by the receiver was not evidence of an election to occupy under the lease. (*In re Ten Eyck*, 5 Nat. Bank. Reg. 26 ; *In re McGrath & Hunt*, 5 Bere. 183.)

Rapallo, J. It appears from the papers that the receiver has in his hands an ample fund for the payment of all the debts of the dissolved corporation. · That he has paid all the admitted debts, and has deposited in the United States Trust Company the sum of $87,172.19 to meet such claims as are disputed, and that in this sum is included an amount sufficient to cover all the rent accrued and to accrue on the petitioner's lease, up to the end of the term. It further appears that after the payment of all the debts of the corporation there will be a surplus of upwards of $900,000 for distribution among the stockholders.

The receiver is directed by the judgment in this action to close up the affairs of the corporation and distribute the assets among the remaining creditors and stockholders. The petitioner claims payment of the rent accrued under the lease of the banking office demised by him to the corporation in May, 1876, for five years, at the rent of $12,000 per annum.

Many facts are stated in the papers and in the points, for the purpose of showing that the receiver had adopted this lease and bound the assets of the bank for the payment of this rent, and from the opinion delivered at General Term it seems that the court treated this application as resting wholly upon that

ground, for the opinion does not deny the right of the petitioner to be paid in due order of distribution of the funds in the receiver's hands, but only denies his right to have his claim enforced by a peremptory order for the full amount, without regard to the claims of other creditors.

It does not seem to us necessary to determine whether or not the petitioner has any such right. If he has shown himself to be a creditor of the corporation for the amount of rent claimed, that is quite sufficient to entitle him to payment, without regard to any liability which the receiver may have assumed in regard to the lease. His rights are certainly as great as those of any other creditor, and as such he is entitled to be paid in the regular course of distribution.

The only answer to his application which requires consideration, is the denial of the indebtedness of the corporation for this rent. This denial is not founded upon the allegation of any payment, release, or surrender, or any thing affecting the merits of the claim, but upon the sole ground that by the dissolution of the corporation the lease was terminated, and the covenant to pay rent ceased to be obligatory.

We do not regard the dissolution as having any such effect. Under the statutes of this State, on the dissolution of a corporation, its assets become a trust fund for the payment of its debts, and these include debts to mature as well as accrued indebtedness, and all engagements entered into by the corporation, which have not been fully satisfied or canceled. These cannot be canceled without the consent of the party holding them, and receivers of dissolved corporations are authorized to retain out of their assets a sufficient amount to cancel and discharge such open and subsisting engagements. These provisions are contained in article 3, title 4, chapter 8, of the third part of the Revised Statutes, and are incorporated, by reference, in the judgment in this action, which confers upon the receiver the powers therein contained.

The lease in question is one of that class of engagements designated in the statute as open and subsisting. The receiver is authorized by the statute and judgment to contract for its

extinguishment, but until this is done the lessors are entitled to payment of the rent as it accrues. They cannot be deprived of the benefit of the covenant to pay rent, without some act on their part releasing or discharging it.

The position of the receiver is analogous to that of an executor. If he waives the term he cannot be charged as assignee of the lease, but if the landlord does not choose to re-enter, the estate of the testator may be liable for the rent in the due course of administration. And under the bankrupt law of England, the rule was the same in regard to an assignee in bankruptcy. If he did not enter under the lease, he was not liable for the rent, but the lessor could come in as a general creditor of the bankrupt estate, for the rent. *Martin* v. *Black* (9 Paige, 644). *Quain's Appeal* (22 Penn. St. 510), cited by the respondent as deciding that a ground rent does not survive against executors or administrators, except as to the rents which accrued during the life-time of the decedent, does not affect the question. That decision was that the ground rent was payable by the heir, as an incumbrance on the land, and not out of the personal estate. It was undoubtedly rent accruing under a perpetual lease, and not for a term of years.

We see nothing to impair the right of the petitioners to payment, as creditors of the corporation, of the rent accruing under the lease.

The orders of the General and Special Terms should be reversed with costs, and the motion granted, costs to be paid out of the fund.

All concur, except Folger, Ch. J., not voting.

Ordered accordingly.