In the Matter of the Assignment of FREDERICK LINK to DAVID C. LINK, for the Benefit of Creditors.

(Decided February 7th, 1887.)

During the term of a lease, the lessee made a general assignment for benefit of creditors. He had previously paid the monthly rent up to the month in which the assignment was made. It did not appear that the assignee ever took possession of the leasehold property, or in any way intermeddled therewith. *Held*, that a claim for the rent subsequently accruing was not provable against the assigned estate.

APPEAL from an order of this court rejecting a claim under a general assignment for the benefit of creditors.

The facts are stated in the opinion.

*Emmet & Robinson*, for the claimant, appellant.

*Paddock & Cannon*, for the assignee, respondent.

LARREMORE, Ch. J. — On February 12th, 1885, a lease was made by the New York Life Insurance and Trust Company (as trustee) to Frederick Link, demising certain premises for the term of one year, at the rent of $1140, payable monthly. The tenant paid the rent reserved up to and including November, 1885. In the month of December following, the tenant, and the firm of which he was then a member, made a general assignment of his individual and the co-partnership property for the benefit of creditors. During the month of December, 1885, he notified the land-

Matter of Link.

lord that he had made such assignment, and was ready and willing to deliver the possession of the premises in question, from which he removed in the month of April, 1886.

It is conceded that the rent of the premises was paid up to December 1st, 1885, and the only question presented for adjudication is whether or not the rent accruing subsequent to that date was a provable claim under the general assignment act.

There is no proof to show that the assignee under the assignment ever took possession of the leasehold property, or in any way intermeddled therewith, and the rulings in *Matter of Risley* (10 Daly 44) ; *Matter of Adams* (15 Abb. N. Cas. 61) ; *Matter of May* v. *Brown* (47 How. Pr. 37) ; *Johnston* v. *Moult* (10 Daly 308), clearly show that the assignee is not liable for the rent sought to be recovered, and point out no distinction between his liability as such, and of the assigned estate in his hands.

In the case of *The People* v. *National Trust Co.* (82 N. Y. 283), it appeared that the receiver had in his hands sufficient funds for the payment of all debts of the dissolved corporation. It further appeared that after such payment there was a large surplus for distribution among the stockholders. In this case, whatever surplus there may be after the payment of the individual debts of the assignor, such surplus is properly applicable in payment of the firm debts of F. Link & Son, of which the assignor was a member ; and it does not appear that after such payments there would be any surplus to be returned to the assignor.

The appellant has not lost its remedy for a breach of the contract for damages against its lessee.

The order appealed from should be affirmed, with costs.

J. F. DALY and BOOKSTAVER, JJ., concurred.

Order affirmed, with costs.