that it would have been paid in full out of the proceeds of the sale under foreclosure, "except for the wrongful and fraudulent conduct of the defendant, as alleged in the plaintiff's original complaint" (referring to the inchoate matter already pointed out); and in the ninth paragraph it is alleged "that by reason of the premises the plaintiff has been damaged in the sum of $2,790, with interest from the 9th day of April, 1891." It is plain, therefore, that what the plaintiff now seeks is not to supplement the only cause of action stated in the original complaint, but to set up another cause of action, which did not exist when that original complaint was served. The supplemental matter has, as we have seen, no relevancy to the cause of action for moneys had and received to the plaintiff's use. No other cause of action is stated in the original complaint, for the very good reason that none then existed. If we were to comply with the appellant's request, we should plainly authorize the pleading in one action of two causes of action, one in contract and one in tort, —the former existing when the action was commenced, and the latter accruing subsequently. A bare statement of what is thus proposed is a sufficient answer to the appellant's motion below.

Without considering, therefore, the legal questions presented upon this appeal, as to the character of the action, and the right to a supplemental complaint in case it be held to be an action at law, we think that the decision of the special term denying appellant's motion was correct, whether the reason given therefor was right or not; and consequently the order appealed from should be affirmed, with costs. All. concur.

---

### In re DEVLIN & CO.
### In re DEMOREST et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—LIABILITY OF ASSIGNEE ON LEASE.

Where, pending the term of a lease of a store, the lessee makes a general assignment for the benefit of creditors, and the assignee continues in possession of the demised premises for the purpose of selling off the stock of goods on hand, the court has no authority, upon a summary application by the landlord prior to an accounting, to require the assignee to pay rent for the period of his occupancy, but the claim must be enforced either by action, or, under sections 11 and 20 of the general assignment act (Laws 1877, c. 466), upon a proceeding for an accounting by the assignee.

Appeal from special term.

In the matter of the assignment of Devlin & Co., a corporation, for the benefit of creditors, to Edward Wanty, as assignee. Demorest & Little applied for an order directing the payment by the assignee of the rent of premises occupied by the assignee after the assignment. From the order granting the same, the assignee appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Merritt E. Haviland, for appellant.
James M. Fisk, for respondents.

INGRAHAM, J. · The order appealed from requires an assignee for the benefit of creditors, having in his possession the proceeds of the sale of the assigned estate, to pay to the landlord of premises occupied by the assignor, prior to the assignment, the rent of the premises during the time that the same were occupied by the assignee after the assignment. The counsel for assignee questions the power of the court to make such an order, insisting that if the landlord has any claim against the assignee, or the assigned estate, he should be compelled to enforce that claim by action, and not in this proceeding. The facts are substantially undisputed. Devlin & Co., a domestic corporation, was the lessee of the premises in question under a lease which expired on May 1, 1897. On January 15, 1897, Devlin & Co. executed a general assignment of all its property for the benefit of creditors. Under that general assignment, the assignee was directed to take possession of all the assigned property, to sell the same, and convert it into money, and out of the proceeds to pay and discharge all the just and reasonable expenses, costs, and charges and commissions of executing this assignment. The assignee took possession of the stock of goods of the corporation, situated in the store leased to the assignor, and continued in possession of the store until the same was sold. The goods were all removed from the store on or before March 14, 1897. There is a general allegation that the assignee occupied the premises until May 1, 1897, but that seems to have been denied by the assignee, who swears that all the goods were removed from the store on or before March 14, 1897. Assuming that the assignee was liable for the use and occupation of the premises from the date of the assignment down to and including March 14, 1897, if the appellant had been acting as receiver, there would be no doubt that the court should direct its officer to pay out of the money in his hands the reasonable value for the use of the premises occupied by him; and, in the absence of any other evidence, such reasonable value would be taken to be the amount of rent which the assignor had agreed to pay. People v. National Trust Co., 82 N. Y. 283. An assignee for the benefit of creditors, however, stands in a somewhat different position before the court than that of a receiver appointed by the court as its officer to take possession and distribute the property under the general jurisdiction of a court of equity. The authority granted to such assignee depends, not upon his appointment by the court, but upon the act of the assignor, and the assignment under which the title to the property vests in him, by the terms of which he is bound. He is subjected to the general jurisdiction of a court of equity, as a trustee, holding property for the benefit of those interested in it; but such jurisdiction over him is to be exercised in the way in which courts of equity exercise their jurisdiction over trustees or others in the general administration of equity jurisdiction. He is also subject to the provisions of the general act in relation to the assignments of estates of debtors for the benefit of creditors, but the court has no summary jurisdiction over him, as it has over its own officer, by which, upon motion, he can be directed to dispose of the property in his hands. Except as authorized by the general assignment act, an assignee for the benefit of creditors has a right

to have claims against him enforced in the usual way; that is, by actions rather than by a summary application for an order. The general assignment act (chapter 466, Laws 1877) gives to the court very broad and general powers over assignments and assigned estates, but the power of a court over an assignee to direct the payment of a claim against the assigned estate, sought to be exercised upon motion or in a summary way, seems to be limited to a proceeding for an accounting. By section 11 of that act it is provided that a citation may be issued to all parties interested in the estate assigned, as creditors, requiring them to appear in court on some day therein to be specified, and to show cause why a settlement of the accounts of an assignee should not be had, and, if no cause be shown, to attend to the settlement of such accounts. By section 20 of the act it is provided that, on a proceeding for an accounting under the act, the court shall have very broad powers as to the settlement of the assignee's accounts and the distribution of the property in the hands of the assignee; and upon such an accounting it is undoubted that the court would be authorized to direct the assignee to pay out of the assigned estate any sum of money that was due as expenses of the trust or for carrying out the provisions of the assignment. That power, however, seems to be limited to the special proceeding upon an accounting. No provision of the statute gives the court power, prior to the institution of the special proceedings for an accounting, when all creditors and others interested are before the court, to require the assignee to pay a sum of money to any creditor or other person claiming a right to any portion of the assigned estate.

The case of In re Morgan, 99 N. Y. 148, 1 N. E. 406, relied on by counsel for the respondents, does not seem to be in point. There it appeared that, upon the settlement of the accounts of the assignee, a sum of money had been paid to a preferred creditor who was not entitled to receive it, and an application to the court was made to compel such preferred creditor to repay to the assignee such amount. The court of appeals held that the supreme court had power to acquire such repayment by order, citing the provisions of the statute which give to the court the power upon an accounting, and held that the preferred creditor, by accepting the payment of the claim, and those dealing with the assignee, became parties to the assignment; that, upon the general accounting of the assignee, the court had jurisdiction over all matters between the parties to the proceeding in reference thereto. In that case the proceeding for an accounting had been instituted, and under such proceeding the preferred creditor had been paid a sum of money by the assignee. He was a party to that proceeding for an accounting, and, as such, was subject to the jurisdiction of the court. In this case, however, there has been no accounting. The court has not obtained jurisdiction over the assignee and all parties interested in the estate which it obtains when a proceeding for such an accounting has been commenced. I know of no greater authority to direct this assignee to pay money due for rent than it would have to require any private individual to pay out of his own estate, or any trustee of an express trust to pay out of the trust estate, the amount which a person claims under a contract, express or implied,

made with the trustee. It is quite likely that the assignee would be personally liable to the petitioner for the use and occupation of the premises, and it is probable that, upon an accounting, the court will order the assignee to pay to the respondents the reasonable value for the use and occupation of the premises during the time that the assignee actually occupied them for the benefit of the assigned estate. But we think that a proceeding to thus summarily require the assignee to pay to the landlord what he claims to be due could only be had in a proceeding for an accounting under the statute, when the court would acquire jurisdiction over the assignee as well as over all creditors and others interested in the estate, and could then direct such order as should be just.

For these reasons I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to the landlord to renew the application upon the general accounting of the assignee. All concur.