(22 Misc. Rep. 676.)

## In re LUDEKE.

(Supreme Court, Special Term, New York County. February, 1898.)

1. ASSIGNMENT FOR CREDITORS—ACCOUNTING BETWEEN ASSIGNOR AND ASSIGNEE.
The assignee under an assignment for creditors which directed equal distribution after payment of preferences named, cannot, as against the assignor, be credited with a payment of a bonus to cancel an unexpired lease entered into prior to the assignment, since the lessor could only prove the rent due up to the time of distribution, and come in for his share of the assets thereon, and was not a creditor under the assignment by the lease providing for a reletting by lessor on nonpayment of rent, and an application of the proceeds in reduction of the rent.

2. SAME—COMPROMISE BY ASSIGNEE.
An order of court permitting an assignee for creditors to compromise a debt owing by the assignor does not protect the assignee, since Laws 1877–78, § 23, permits the assignee, when authorized by the court, only to compromise or compound claims or debts "belonging to" the estate of the assignor.

3. SAME—CLAIM FOR LEGAL SERVICES.
The claim of an assignee for creditors for legal services rendered to him in the performance of his trust and on the accounting, cannot be allowed as a claim for a distributive share of the surplus, since it is properly an expense of administration, and should be designated as a supplemental account of said assignee.

4. SAME—AMOUNT OF CLAIMS.
An attorney's fee of $800 for defending the estate of an assignor for creditors from a claim of $950 for alimony brought by the wife of the assignor was excessive, as was $500, allowed by the referee.

5. SAME—FEES ON SETTLEMENT.
An assignee for creditors is not ordinarily allowed counsel fees paid for preparing schedules for his final accounting, or for general advice and consultation.

In the matter of the accounting of one Ludeke, assignee under an assignment for the benefit of creditors. The report of the referee modified, and referred back.

DALY, J. The creditors having being satisfied, the accounting of the assignee is with his assignor respecting the surplus coming to the latter. The chief contention arises over a payment of $2,500 made by the assignee in compromise of a claim for rent to accrue upon a lease. When the assignee took possession of the assignor's stock in trade on January 30, 1896, it was in the premises, No. 3 Maiden Lane, of which the assignor had a lease with an unexpired term of four years and three months, at an annual rental of $8,000 to May, 1897, and $9,000 thereafter, the lessor having the

right, in case of nonpayment of rent, to re-enter and re-let on account of the tenant. The assignee went into the premises to prepare to dispose of the stock, and on February 29, 1896, agreed with the lessor to pay him $2,500 for the cancellation of the lease and release of rent after May 1, 1896. This was against the assignor's objection, and the assignee, without notice to him, obtained on April 15, 1896, an order of the court authorizing the payment. On April 15, 1896, the assignee disposed of the stock, and vacated the premises, and paid rent for his use and occupation. The assignor objected to the allowance of such payment of $2,500 as a necessary or proper disbursement, and the referee disallowed it. The assignee claims that it was a payment for the benefit of the estate, as the lessor had the option to allow the premises to remain vacant, and claim the whole rent reserved by the lease, upon the authority of In re Hevenor, 144 N. Y. 273, 39 N. E. 393. Without inquiring into the soundness of this contention, which was not before the court for decision in the case cited, and as to which see Journeay v. Brackley, 1 Hilt. 447, and In re Link, 14 Daly, 148, it is clear that the assignee could not, by agreement with the lessor for the payment of a bonus for the cancellation of the lease, make him, in effect, a preferred creditor to that extent, and so give him an advantage over the other creditors. Whatever claim the landlord had was only to a pro rata share of the estate. He could prove the rent due up to the time of distribution, and come in for his share of his assets. As was held in the Hevenor Case, above, he could not, after re-entry, and re-letting for account of the lessee, come in with a claim for the loss upon such re-letting. The order of the court permitting the assignee to make the payment as a compromise of the lessor's claim is no protection. The assignment act (Laws 1877–78, § 23) permits the assignee, when authorized by the court, to "compromise or compound any claim or debt belonging to the estate of the debtor." The legislature—no doubt advisedly—refrained from permitting compromises of debts of the assignor, as one creditor might thereby obtain an advantage over the others, and secure by compromise a larger percentage and an earlier dividend than he would get if left to share with them. The court had no power to authorize the so-called compromise, it not being within the terms of the act; and the assignee had no power to make such a payment, it being in direct violation of the assignment, which directed that the estate should be distributed equally among the creditors of the assignor after payment of preferences named. In re Lewis, 81 N. Y. 424. The referee properly disallowed this expenditure, and charged the assignee with it. A proportion of the rent of the premises was properly charged by the referee against the assignee, who permitted his firm to sell their goods with those of the assignor on the premises. The claims of the assignee's counsel for professional services rendered to the assignee in the performance of his trust cannot be allowed as a claim for a distributive share of the surplus. It should have been included in the assignee's account among the expenses of his administration, because the allowance is to the assignee as one of the

expenses of the execution of his trust. In re Worthley, 10 Daly, 12. This includes the allowance to counsel for services upon the accounting, for in the final decree no more than what would be equivalent to taxable costs in an action can be awarded to counsel. In re Rauth, Id. 52. The matter may be referred back to the referee to receive from the assignee a supplemental account for what he deems his counsel entitled to for the services rendered. Under the practice pursued in this case, the assignee has not been heard from as to the employment of counsel, the services rendered, the agreement for compensation, or the value of the work done, or the necessity for it. His charge for legal expenses should appear in the account, and be presented under oath, as is done with respect to all other expenses of the trust. It may be proper to observe that I agree with the referee in considering excessive the charge of $800 for defending the estate from a claim of $950 for alimony by the wife of the assignor. The charge was substantially for arguments at special term, the appellate division, and the court of appeals. The referee has allowed $500. This I regard as still out of proportion to the amount involved and the work done, and should be diminished in view of the fact that the counsel had an assignment of the fund in dispute from the assignor before the last argument, and was, therefore, contending in his own interest, as well as on behalf of the estate. The referee has also made what seems to be a large allowance—$400—for legal services in making schedules, for final accounting, and before the referee on objections of the assignor, and before the supreme court. Allowances for counsel fee in preparing schedules or for general advice and consultations are ordinarily disallowed. Levy's Accounting, 1 Abb. N. C. 182; In re Wolff, 13 Daly, 481, affirmed 102 N. Y. 741, as In re Gomprecht. For what should be allowed for a counsel where no complicated questions are involved in the trust or actual litigations, see In re Johnson, 10 Daly, 123. The court will make no distinction between legal and other expenses of the trust, and will make no special order allowing counsel fees. The referee is to charge them in his account, and they will be passed upon in his final accounting. In re Thomas, 5 Abb. N. C. 354, and note, page 355. The report of the referee fails to show compliance with rule 3 of Ass. Special Assignment Rules.

Report referred back.