WHELAN v. ENTERPRISE TRANSP. CO.

(Circuit Court, S. D. New York. December 12, 1908.)

RECEIVERS (§ 209*)—ANCILLARY RECEIVERSHIP—ALLOWANCE OF CLAIMS.

Where the law of a state in which primary receivers are appointed for an insolvent corporation and that of a state of an ancillary receivership differ with respect to the provability of certain classes of claims, such claims filed with the ancillary receivers, when proved, will be remitted to the court of primary jurisdiction for allowance or rejection.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 209.*]

On Application for Leave to File Claim.

Flannagan & Erskine, for petitioner.

Wing, Putnam & Burlingham, for receivers.

WARD, Circuit Judge. The Circuit Court of the United States for the District of Massachusetts appointed receivers of the Enterprise Transportation Company, an insolvent corporation of that state, and this court subsequently appointed ancillary receivers. The New York & Baltimore Transportation Line had leased to the Enterprise Company one-half of a pier on the East river for the term of five years from October 1, 1906, at the annual rent of $25,000, payable in equal quarterly installments on the 1st days of October, January, April, and July of every year. The ancillary receivers paid rent to April 1, 1908, under an agreement with the Baltimore Company, and then declined to assume the lease. It appears that thereafter the Baltimore Company collected wharfage from the premises. This would ordinarily be conclusive evidence of an acceptance of surrender; but it is said that the company acted through some sort of an arrangement with David Whitcomb, representing the Enterprise Company, which prevents such a conclusion. The Massachusetts court directed all claims to be filed with the receivers on or before May 1, 1908, and this court made a similar order. The Baltimore Company had full notice of this order, and in pursuance thereof did file with the receivers of this court one claim for water rent amounting to $676.40. Now, December 10th, it asks leave to file its claim for $18,750 for rent accrued and for $68,750 for rent to accrue.

The courts of this state allow such claims to be proved against funds in the hands of the receivers. People v. National Trust Co., 82 N. Y.

283. But it is said to be against the rule in Massachusetts. Deane v. Caldwell, 127 Mass. 242. It is true that rent not accrued is neither payable nor a debt; but rent to the amount of $18,750 has accrued, and is a present indebtedness, unless there has been an acceptance of surrender. All the funds within the jurisdiction of this court, less necessary expenses of administration, have been or will be transmitted to the primary receivers, and those receivers have arranged, under the order of the court appointing them, to declare a partial dividend, not less than 20 per cent., on Monday next, December 14th. No sufficient excuse being made for the laches of the petitioner, I will grant it leave to file its claim with the receivers of this court without thereby delaying, disturbing, or sharing in the distribution by the primary receivers of the funds set apart or to be set apart by them for the aforesaid dividend.

After the claim has been proved, the extent to which it may share in the funds remaining in, or subsequently coming into, the hands of the primary receivers, will be determined by the court of primary jurisdiction.