In the Matter of the Petition to Supervise and Regulate the Election of Trustees of the WASHINGTON AVENUE BAPTIST CHURCH.

WILLIAM R. GOODMAN and Others, Appellants; ROBERT McCAUL and Others, Respondents.

Second Department, February 19, 1926.

Corporations — religious corporations — proceedings under General Corporation Law, § 32, to determine in advance of annual election, qualifications of voters — court has no authority to act in advance of election.

The Supreme Court has no authority, under section 32 of the General Corporation Law, to act in advance of an annual election of a religious corporation to determine qualifications of voters or to supervise the proceedings at an election to be thereafter held, but the limit of the court's authority is to pass upon the validity of an election that has been held and to confirm it or to order a new election.

APPEAL by the petitioners, William R. Goodman and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 29th day of January, 1926, denying petitioners' application to intervene in the affairs of the Washington Avenue Baptist Church of Brooklyn, a religious corporation.

*Frank Harvey Field*, for the appellants.

*Samuel Seabury* [*William S. Pierce* with him on the brief], for the respondents.

PER CURIAM. This proceeding was brought because of differences existing between the pastor, officers and members of the Washington Avenue Baptist Church of Brooklyn, N. Y.

It appears that at the time appointed for the annual meeting of the church corporation, called among other things for the election of trustees, trouble arose between those in attendance as to its organization and the meeting was finally adjourned before such organization was completed. The petitioners state that they believe the pastor and certain members of the church purpose to conduct an illegal election by unjustly depriving qualified members of their right to vote, and ask the court, under the powers granted by section 32 of the General Corporation Law, to determine in advance of the meeting who are qualified to vote thereat, and to supervise the proceedings at the election to the end that all qualified members may vote, and to restrain the pastor and the board of trustees from depriving qualified members of the church of their rights

34

and from illegally adding persons to membership of said church for the purpose of voting at such election.

We think the facts presented by the petitioners do not disclose a situation warranting action in the premises by the court, under section 32 of the General Corporation Law. No election has been held. The court cannot assume, nor can it find from the facts presented, that the election will be conducted illegally or improperly, nor is it the province of the court to supervise an election, under the circumstances shown in the proceeding. The evident purpose of the statute referred to is to clothe the court with power to correct abuses arising from an election, and, in such a case, it may establish the election complained of or order a new election, or make such order and give such relief as right and justice require so long as such relief has relation to the establishing of the election or the ordering of a new election. This, we think, is the extent of the power conferred by section 32 of the General Corporation Law.

The order should, therefore, be affirmed, without costs.

Kelly, P. J., Rich, Manning, Young and Lazansky, JJ., concur.

Order affirmed, without costs.