In the Matter of Louis Friedman & Brother, Inc. (Schultzman).

Supreme Court, New York County, December 15, 1933.

*Arthur Miller*, for the assignee, for the motion.

CALLAHAN, J. The principal question for determination is whether the lessor of the assignor is entitled to the allowance of its claim against the assigned estate to the extent of $10,538.33, being the amount of the rentals for the unexpired term of the lease less the sums collected from the assignee while in possession closing up the estate. As far as the evidence discloses there has been no re-entry by the landlord who claims for future rents under the lease. Deducting the landlord's claim from those of the other creditors the assets are insufficient to pay a substantial dividend even to those creditors.

In support of the landlord's demand reliance is placed upon dicta, the opinion of Judge GRAY in the much discussed *Matter of Hevenor* (144 N. Y. 271), as further illuminated in *People v. St. Nicholas Bank* (151 N. Y. 592) by other dicta of the same judge.

In the *Hevenor* case there was a provision in the lease authorizing the lessors in case of vacancy during the term to re-enter or to relet the premises as agents for the tenant and apply the avails to the rent due under the lease. On November 1, 1892, the lessors had received $5,136.50, less than the amount of rent payable by the lease. For that sum the lessors filed a claim with the assignee and also a claim for the rent to accrue from November 1, 1892, to the expiration of the lease.

Judge GRAY, writing for affirmance of the rejection of the claim, said that under the provisions of the lease the lessors had the election to allow the premises to remain vacant, in which case they would have had a valid and certain claim against the assigned estate for the rent reserved in the lease, or they could take the other course and as the agents of the lessee relet the premises and apply the avails in reduction of the rent reserved in the lease; that the effect of the latter option was to terminate the agreement to pay the monthly rent and thereafter to leave the matter of any liability of the lessee to them contingent upon the success which the lessors might meet with in reletting the premises; that such liability, if it arose, could only be finally and definitely ascertained at the expiration of the demised term, and that under the circumstances the claim against the assignor being uncertain and contingent could not be regarded as one of the debts or liabilities contemplated to be paid under the deed of assignment.

In *People* v. *St. Nicholas Bank* (*supra*) the landlord under a lease to the bank relet the premises for the unexpired term after they were given up by the receiver and claimed the difference between the rent in the lease and the amount stipulated in the new lease on the reletting for the balance of the unexpired term. The claim was allowed.

In this later case Judge GRAY, after pointing out the difference between a claim against an assignee for the benefit of creditors and one against a statutory receiver, said (at p. 595) that " debts * * * due or to grow due did not mean [in the *Hevenor* case] to include a liability thereafter to be created and contingent upon after-occurring events;" that " while Hevenor's lessor might have at once presented a claim for the rental to accrue during the balance of the unexpired term of the lease, upon re-entering, as he might do under the provisions of the lease, by his acts he put an end to Hevenor's fixed obligation and made it uncertain as to whether and when there would be any loss at all upon which a claim might be based " (p. 596). " The liability of the assignor was fixed at the time of the re-entry by the lessor and would have consisted in an indebtedness stated by the lessor, either as the whole amount of rent to accrue during the unexpired term of the lease, or as such lesser amount, as would represent the difference between the whole amount of the rent thereafter to accrue and the amount of rent reserved in a reletting of the premises for the unexpired term."

For the reason, therefore, as stated, that in the bank case the liability of the bank was fixed by the reletting, and that under the statutes applicable to insolvency equitable principles control, the allowance of the lessor's claim was sustained.

Judge GRAY in the *Hevenor* case stresses the duty of the assignee to follow the directions in the assignment; but the instrument may contain directions which offend the statute, and in such case it would be the duty of the assignee to ignore them. Indeed, the learned judge says in the *Hevenor* case (p. 274), referring to the obligation of the tenant in that case, that " such after accruing debts, or liabilities, could not be intended to be secured by an assignment, and if an assignor so declared, in the deed of assignment it would be void."

The statute, not the deed of assignment, controls, and by the terms of the act (Debtor and Creditor Law, § 13-c) " debts of the assignor may be proved and allowed against his estate * * * founded upon an open account, or upon a contract, express or implied, whether due or not due." The statute says " debts," not " liabilities."

Following the decisions in the above cases it was held in *Matter*

*of Whitney* (144 App. Div. 117) that the lessor had an enforcible claim against the assigned estate for rents subsequent to the assignment and down to the transfer of the property by the landlord. Our Appellate Division affirmed the order on the opinion of the referee (which is thus made the opinion of the court), INGRAHAM, P. J., and McLAUGHLIN, J., dissenting. The appeal was dismissed in the Court of Appeals (202 N. Y. 580); whether because the order was not appealable as of course or for some other reason does not appear.

The prior decision of the Appellate Division in *Matter of Ludeke* (33 App. Div. 397), cited by the referee in the *Whitney* case, presents peculiar facts. There all the creditors had been paid and the assignee made an agreement with the landlord, who was entitled to relet and sue for a deficiency, under which, with the approval of the Supreme Court, a lump sum was paid to release the assignor. The Appellate Division held that the payment was a just settlement of an existing contract obligation; that the settlement was upon all the facts a fair exercise of judgment upon the part of the assignee, and credited the assignee with the amount of the compromise payment.

In the light of the foregoing authorities it would seem clear that the lessor in the matter now presented would be entitled to recover against the assigned estate for rent accruing after the assignment.

Prior to the decision of the *Hevenor* case it was the law in this department that such a claim as is made here was not provable against the assigned estate. (*Matter of Link*, 14 Daly, 148.) In *Kottler* v. *New York Bargain House, Inc.* (242 N. Y. 28), an action for rent, there was a provision in the lease, similar to that in the *Hevenor* case, authorizing a reletting by the landlord in the event of a vacancy, and the court held that the action was not premature; that the plaintiff's claim was not for a deficiency as damages, but as rent, and referring to the *Hevenor* case (after making some distinctions between the two cases) CARDOZO, J., says: " But aside from these differences, the *Hevenor* case does not exact of us a ruling that the claim is one for damages. What was said in that opinion as to the effect of a reletting was unnecessary to the decision (cf. *Gray* v. *Kaufman Dairy & Ice Cream Co.*, 9 App. Div. 115, 118; reversed, but on other grounds, in 162 N. Y. 388). The controversy was one between a landlord and an assignee for the benefit of creditors. The landlord claimed the right to participate in the assets by reason of a deficiency of rents accruing after the assignment. In such circumstances, it was immaterial whether he proved for rent or for damages. His claim must have been rejected whether classified one way or the other. Rent due at

the date of the assignment must be paid with other debts and liabilities out of the assets of the estate. Not so, however, of rent falling due thereafter (*Matter of Roth*, 181 Fed. Rep. 667; *Watson* v. *Merrill*, 136 Fed. Rep. 359; *Matter of Link*, 14 Daly, 148; *Deane* v. *Caldwell*, 127 Mass. 242). Even the actual ruling in *Matter of Hevenor*, not to speak of the dicta, has been kept within narrow limits (*People* v. *St. Nicholas Bank*, 151 N. Y. 592). The dicta have not destroyed the authority of *Underhill* v. *Collins* [132 N. Y. 269]."

The former chief judge thus distinctly repudiates the doctrine based upon the dicta of Judge GRAY that a lessor may recover against the assigned estate for rent accruing after the assignment, and, in the light of that repudiation, in which *Matter of Link* was cited with approval, it seems to me that the Appellate Division decision in *Matter of Whitney* (*supra*) must be deemed to be overruled, although not referred to in the *Kottler* case.

It may be noted that Judge CARDOZO also cited *Matter of Roth & Appel* (181 Fed. 667), in which the question arose whether rents accruing after bankruptcy are a provable claim in the proceeding. It might be contended that there is a distinction between bankruptcy and an assignment for the benefit of creditors, a distinction which makes bankruptcy cases inapplicable. It seems to me, however, that the citation is proper, for in the Federal case it is held that rent accruing after the filing of a petition in bankruptcy is a mere possible future demand; that its existence and amount are contingent upon uncertain events, and it is equally true that rent accruing after an assignment is a mere possible future demand, contingent upon uncertain events.

The opinion of Judge CARDOZO was concurred in by all the members of the court; upon the question here presented what he said was directly applicable and in my opinion should not be treated as mere dicta. I am inclined to follow it and disallow the lessor's claim in this case.

There is another objection to a direction for the payment of this claim.

In August of this year a receiver was appointed in an action to foreclose the mortgage on the lessor's real property. If any rent were due to the lessor the receiver would seem to be entitled to it, and this court should not make an order for payment to any one other than its own officer in possession of the premises.

Motion to confirm report granted. The landlord's claim is allowed to extent of rent due ($490.04) and not otherwise.