SIDNEY W. BAUMGARDNER and Another, Respondents, v. CLARENCE R. BELL, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to abide the event. All concur. (The order denied a motion to change the place of trial.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

In the Matter of the Application of ROSE K. GLASSER, Respondent, to Set Aside the Election of HOWARD V. ORTH, as Treasurer of Golden Rod Spiritualist Church. JEROME E. KUEBLER and Others, Including HOWARD V. ORTH, Appellants.— Order modified on the law by striking out the final ordering paragraph and as modified affirmed, without costs. Memorandum. We strike out the final ordering clause because it exceeds the power granted to the court by section 25 of the General Corporation Law under which both parties have assumed to proceed. (Matter of Ringler & Co., 204 N. Y. 30, 40; Matter of Washington Ave. Baptist Church, 215 App. Div. 529.) All concur. (The order adjudges the election of a treasurer and trustees invalid.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ. [150 Misc. 209.]

ANNA C. BOWEN, Appellant, v. CITY OF BATAVIA, Respondent; LIBERTO & CERULLO, INCORPORATED, and Others, Defendants.— Judgment affirmed, with costs. All concur. (The judgment dismisses the complaint in an action for damages for injuries sustained on a private sidewalk.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.

FRANCES KELLER and Another, Respondents, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. Memorandum. Taking into consideration the terms and circumstances of plaintiff's employment as a cleaning woman, the character of the work, the continuance of the service, the means used to perform the work and the manner of its performance, as well as all the other surrounding facts shown in the record, we have reached the conclusion that the plaintiff was a servant of the defendant rather than an independent contractor. (Matter of Beach v. Velzy, 238 N. Y. 100; Hexamer v. Webb, 101 id. 377; Sadler v. Henlock, 4 E. & B. 570; Restatement of the Law of Agency, § 2.) All concur, except Taylor and Thompson, JJ., who dissent and vote for affirmance on the ground that the question whether the plaintiff was an independent contractor or a servant was fairly one of fact for the jury and the verdict rendered was sufficiently sustained by the evidence. (Matter of Beach v. Velzy, 238 N. Y. 100; Matter of Litts v. Risley Lumber Co., 224 id. 321; Ball v. Estate of Bertelle, 201 App. Div. 768; Adel v. Rubin, 210 id. 499.) (The judgment was for damages for personal injuries sustained while cleaning a second floor veranda.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

TEKLA TUZINSKA, Respondent, v. THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, Appellant, and Another, Defendant.— Judgment affirmed, with costs. New finding of fact made. All concur. (The judgment reformed a policy of insurance in reference to the hour it took effect.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

MARY OCORR, Appellant, v. RALPH E. O'DELL and Others, Respondents.— Judgments and orders affirmed, with costs. All concur. (The judgments are for defendants in an automobile negligence action. The orders deny motions for new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.