[No. 26087. Department Two. May 19, 1936.]

SARA COHEN, *as Executrix, Appellant,* v. THE L. & G. INVESTMENT COMPANY, *Respondent.*[1]

*J. Kalina* and *T. M. Royce,* for appellant.

*Eggerman & Rosling* and *Ray L. Johnson,* for respondent.

BLAKE, J.—The plaintiff and her deceased husband were the sole stockholders of The City of Paris, a corporation. October 6, 1924, the corporation, as lessee, entered into a lease with defendant, The L. & G. In-

[1] Reported in 57 P. (2d) 1042.

vestment Company, a corporation, as lessor. The term of the lease was for ten years, with a monthly rent reserved of $1,100. At the time the lease was executed, the lessee deposited $11,000 with the lessor, to guarantee the faithful performance of its covenants. It was expressly stipulated that $1,100 of such amount be applied on the rent due for the month of October of each year of the term. The lease also contained the following stipulation:

"In the event said lessees fail to carry out all the covenants and agreements herein contained and it shall be necessary for said lessors to cancel this lease by legal proceedings or otherwise, then said sum shall be forfeited to the lessors; and it is a further stipulation of this lease that in the event of such cancellation that the lessors in no way jeopardize the lessors' right to recover the full amount still due under the lease."

April 10, 1925, The City of Paris filed in the superior court of King county its petition for dissolution. Upon due notice, an order of dissolution was entered June 30, 1925.

Plaintiff and her husband, however, continued the same business, under the corporate name, in the demised premises until the latter's death in July, 1927. Thereafter, plaintiff continued to occupy the premises under the lease, and conducted the business under the same name.

In December, 1931, the lessor commenced an action in the superior court of King county against "The City of Paris, a corporation," for past due rent. Appearance was made in that action on behalf of "the above named defendant corporation." Thereafter, negotiations were had between Mrs. Cohen and the lessor, looking to a reduction in the rent. The result of these negotiations was a modification of the lease executed by the defendant, on the one hand, and "The

City of Paris, by Sara Cohen," on the other. The modification agreement was

" . . . by and between L. & G. Investment Co., a corporation, . . . and Sara Cohen doing business under the firm and style name of City of Paris . . . "

By this agreement, it was stipulated that all but $3,300 of the deposit of $11,000 had been applied "upon rental according to the terms of the lease." It was agreed that the rental from March 4, 1932, should be $500 per month. The lessor waived past due rent, and the lessee waived all claim to the balance of $3,300 held by the lessor as security for the performance by the lessee of the covenants of the lease. Thereafter, Sara Cohen, as executrix of the estate of Samuel Cohen, brought this action to recover a portion of the deposit of $11,000 which she conceived to belong to the estate. Upon issue joined, a trial was had. At the close of plaintiff's case, defendant interposed a challenge to the sufficiency of the evidence, which the court sustained. Judgment of dismissal was entered, from which plaintiff appeals.

Appellant's theory is that, upon dissolution of the corporation, The City of Paris, the balance of the $11,000 deposit in the hands of respondent became the property of the stockholders (herself and her deceased husband); that upon his death his heirs succeeded to his interest; that she, as executrix, could not bind his estate or his heirs to a waiver of relinquishment of such interest.

The difficulty with this theory is that it does not take into account the well-established rule that, upon dissolution, the property of a corporation passes to the stockholders, subject to the corporate liabilities. In *Taylor v. Interstate Inv. Co.*, 75 Wash. 490, 135 Pac. 240, this court said:

"The dissolution of these corporations is immaterial, since whatever property rights they had would pass on such dissolution to their stockholders, subject to corporate liabilities. 3 Purdy's Beach, Private Corporations, § 1323. The appellant would have the right to treat them as still existent as to matters relating to this antecedent contract and enforce her claim against the corporate property by an action in equity."

In the United States, the courts are unanimous in applying the principle to rights and obligations arising under leases of real property. In 16 Fletcher, Private Corporations (1933 ed.), § 8124, the rule is stated:

"A lease to a corporation may, by its terms, terminate where the corporation ceases to exist. But unless the lease so provides, the rights and obligations thereunder are not extinguished by the corporation's dissolution, since leases affect property rights and survive the death of the parties."

Cases cited in note 5, id., are illustrative of various applications of the rule—some where the corporation is lessor, and some where it is lessee.

Under this rule, a corporation cannot, by voluntary dissolution, relieve its assets from liability on its covenant to pay rent. *In re Mullings Clothing Co.,* 238 Fed. 58, L. R. A. 1918A, 539; *People v. National Trust Co.,* 82 N. Y. 283. (See, also, *Kalkhoff v. Nelson,* 59 Minn. 284, 62 N. W. 332, where it is, in effect, held that the lessor may recover damages from the receiver of a corporation, voluntarily dissolved, as for breach of covenant.)

Applying the rule to this case, we find that, at the time the agreement for modification of the lease was executed, The City of Paris was delinquent in rent due under the original lease in the sum of $3,400. This was more than the amount of the deposit then

312

remaining in the hands of the respondent. Without regard to the modification agreement, respondent was then, under the very terms of the lease, entitled to apply the balance of the deposit on the account of delinquent rent.

The deposit of $11,000 having been fully applied to the obligation of The City of Paris, under the terms of the lease, the former stockholders of the corporation can assert no right or interest in the fund.

Judgment affirmed.

MILLARD, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.