In the Matter of the Assignment for the Benefit of Creditors of ANDERSON'S FARM SERVICE, INC., Assignor, to CHARLES J. MISTRETTA, Assignee.

County Court, Chautauqua County, June 13, 1949.

*Alton R. Erickson* for Air Waves, Inc., claimant.

*Tuby L. Scarpino* for assignee.

BODINE, J. On November 9, 1948, Anderson's Farm Service, Inc., made an assignment for benefit of creditors for the purpose, among others, of authorizing the assignee " to pay and discharge in full * * * all of the remaining debts and liabilities now due or to become due from the party of the first part (assignor) with all interest owing thereon ".

The question at issue is the validity of a claim for unused time allocated to the assignor under a contract for broadcast advertising by Air Waves, Inc., operating station WJOC in Jamestown. The contract called for a fifteen-minute broadcast at 12:30 P.M. each Wednesday for a total of 260 weeks from

copy to be supplied by the assignor and prepared by the station. The agreed price was $11 per broadcast to be paid weekly. Between the date of the contract, January 22, 1948, and November 9, 1948, the date of the assignment, claimant had broadcast 74 programs for a total of $814 of which $186.25 remains unpaid. The dispute concerns the remaining 186 broadcasts contracted for amounting to $2,223. It has been stipulated that the time allocated to the assignor has not been set aside for another client by claimant but has remained available to assignor.

Claimant asserts that the claim is provable and allowable under clause (c) of section 13 of the Debtor and Creditor Law and the terms of the assignment as founded upon a " contract, express or implied whether due or not due."

The assignee contends " that any damages sustained by claimant by reason of the assignment and consequent breach of contract is not a provable ' debt ' as defined by the Debtor and Creditor Law inasmuch as it is not a ' debt ' either due or not due, but is merely a contingent liability;" and, further, that the services claimed for have not been performed prior to assignment but had been agreed to be paid for at a future time following rendition of the service.

While the terms of the assignment for benefit of creditors from which the assignee derives his powers are normally the guide for the assignee in the performance of his duties (*Matter of Lewis*, 81 N. Y. 421) nevertheless where such direction offends the statute it is the statute and not the deed of assignment that controls. (*Matter of Friedman & Bro.*, 150 Misc. 209.) The statute, clause (c) of section 13, so far as applicable decrees that only such debts as are " founded upon an open account, or upon a contract, express or implied whether due or not due ", are provable. Being mindful that it is only a debt arising under a contract as distinguished from a contractual liability that is provable (*Matter of Friedman & Bro.*, supra), it seems sufficiently clear as has been held in rental cases, that the term debts " due or to grow due " do not mean to include a liability created after the assignment and contingent upon after-occurring events. (*Matter of Rooney Produce Co.*, 175 Misc. 186; *People* v. *St. Nicholas Bank*, 151 N. Y. 592, 595; *Matter of Hevenor*, 144 N. Y. 271. See, also, *Oboler* v. *Miller*, 146 Misc. 509; *Norwich Pharmacal Co.* v. *Barrett*, 205 App. Div. 749.)

To allow the claim would be treating as a debt a liability which was in fact dependent and contingent upon the future acts of claimant because the claim would be subject during the term to being reduced by such amount as the claimant could obtain

in the exercise of reasonable efforts to minimize the damages by sale of the radio time to other clients (*Ware Bros. Co.* v. *Cortland Cart & Carriage Co.*, 192 N. Y. 439; 1 Clark on New York Law of Damages, § 123) and, in fact, claimant could not justly refuse sale of the time space and hold the client-advertiser for the agreed price even in absence of the assignment. (*Ware Bros. Co.* v. *Cortland Cart & Carriage Co.*, 148 App. Div. 546, approved as to this but revd. on other grounds 210 N. Y. 122; *Mendell* v. *Willyoung*, 43 Misc. 210; 1 Clark on New York Law of Damages, § 123.)

Furthermore, to allow the claim would, it seems to me, be inequitable under the circumstances obtaining here and I see no reason why equitable principles should not control or at least receive serious consideration in this type of case even as they do in other insolvency proceedings. (*United Press* v. *Abell Co.*, 79 App. Div. 550, affd. 178 N. Y. 578; *Matter of Friedman & Bro.*, *supra; People* v. *St. Nicholas Bank, supra.*) The object of the statute is to afford a means for the expeditious marshalling, liquidation and distribution of the assignor's property and it is the assignee's duty to so administer his trust. (Debtor and Creditor Law, § 14.) In fact these very considerations may well have underlaid or influenced the doctrine of nonallowance of contingent claims in the cases above referred to although not stated in so many words.

For the reasons assigned the claim as objected to must be disallowed.