*20 OPINION OF THE COURT
Harold Hyman, J.
Petitioner, the assignee for the benefit of creditors, proceeding in form by special proceeding, seeks judgment directing the respondent, Chase Manhattan Bank, to "turn over $9,383.24 and account to the Assignee (for) all funds received by it on or about April 3, 1978, and subsequent thereto, on account of an antecedent debt of Big A Distributors, Inc.” (assignor). Petitioner claims that said funds were received by respondent within four months of the making of the assignment for the benefit of creditors as a "preferential transfer”.
Respondent contends: (a) that there are sharp questions of fact that cannot be resolved on motion; and (b) that it is doubtful whether the petition is procedurally and jurisdiction-ally proper.
(I) As to the issue of "procedure and jurisdiction” (item [b] above):
The true and main purpose of an assignment for the benefit of creditors is to expeditiously obtain for the creditors the greatest amount in payment and liquidation of their claims. In that respect it has, as its purpose, "expedition”, not delay. True, due process requires obtaining jurisdiction over one alleged to be the debtor. Here the petition was served pursuant to an order of the court; the objection of respondent is not as to "service”, but only as to the procedural method pursued by the assignee, that is, by order to show cause and petition instead of by action. For all intents and purposes the objection is that the assignee should have proceeded by bringing an "action” (Debtor and Creditor Law, § 15, subd 6-a) and not in the manner he did, by special proceeding.
The intent of the Debtor and Creditor Law, as stated, is to obtain expeditious finality and payment to creditors of obligations and debts due them from the estate of the assignor (Debtor and Creditor Law, §§ 14, 15, subd 6; Matter of Anderson’s Farm Serv. [Mistretta], 195 Misc 236). To accomplish that purpose, subdivision 6 of section 15 of the Debtor and Creditor Law provides for the bringing on of a "special proceeding * * * against any person who has received, taken or in any manner interfered with the estate, property or effects of the debtor in fraud of his creditors and which might have been avoided by a creditor of the assignor and the assignee may recover the property so transferred or its value.” The *21 court is of the opinion that the present procedure is viable as being most expeditious, that it deprives no one of due process, and does not in any respect prejudice the rights of the one proceeded against.
CPLR 104 provides that its rules shall be liberally construed to secure the just, speedy and inexpensive determination of every judicial proceeding. CPLR 105 (subd [b]) defines the word "action” to include a "special proceeding”, a plaintiff to include a "petitioner”, a "defendant” to include a "respondent”, that the words "summons” and "complaint” include the "notice of petition” and "petition”. Subdivision (d) thereof defines a "judicial proceeding” to be "a prosecution * * * of an independent application to a court for relief.” CPLR 304 states that "a special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to show cause.”
The court therefore finds that:
Within the purview of the foregoing the form of the judicial proceeding may be changed by the court (Matter of Elias v Artistic Paper Box Co., 29 AD2d 118), and that this proceeding was properly commenced to expedite the intended purposes of the Debtor and Creditor Law; that service was duly effected and, that "form” must give way to "expedition”, "liberality” and "substance”; that the court has jurisdiction over the respective parties hereto and of the subject matter involved; the objection of respondent to the procedure is therefore overruled.
Proceeding to the merits, it appears from the "respondent’s” or if even called "defendant’s answer” in opposition, that:
(a) Respondent Chase never made a loan to the corporate assignor; but that,
(b) The loan was made to one Arthur McColgan, personally; and that,
(c) The assignment for the benefit of creditors was made on June 12, 1978, and filed in the County Clerk’s office on June 23, 1978; and that,
(d) Payments on said loan were made between April, 1978 and June, 1978 "some of which were in advance of the installment payment due dates”, but that all such payments were made within four months of the assignment.
The assignee maintains that all of the above payments were by corporate (assignor’s) checks. Respondent on the other *22 hand contends that it (Chase) "had no reason to expect nor do I [did it] have any reason to believe, that the payment of this loan was made by anyone other than Arthur J. McCulgan, the borrower”; the exhibits (checks) indicate otherwise.
The issue of "insolvency” is also a necessary ingredient which must be resolved (Debtor and Creditor Law, § 13; § 24, Note of Commission, McKinney’s Cons Laws of NY, Book 12, 1979-1980 Pocket Part, p 26).
Since such latter issue cannot at this time, on the papers, be resolved but can only be determined upon an evidentiary hearing, the court will therefore hold such an evidentiary hearing on March 24, 1980 at 2:00 p.m. at this courthouse. In the interim the application will be held in abeyance.